Laura Clauson Ferree (SBN 258127)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
511 D Street
Marysville, CA 95901
Telephone: (530) 742-5191
Facsimile: (530) 742-0421
lferree@crla.org

Cynthia L. Rice (SBN 87630)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1430 Franklin St., Suite 103
Oakland, CA 94612
Telephone: (510) 267-0762
Facsimile: (510) 267-0763
crice@crla.org

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SILVA RODRIGUEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>RCO REFORESTING, INC, & ROBERTO OCHOA,<br><br>　　　　Defendants. | Case No.: 2:16-at-1319<br><br>**COMPLAINT FOR DAMANGES, PENALTIES AND INJUNCTIVE RELIEF**<br><br>Demand for Jury Trial<br><br>1. Violations of AWPA<br>2. Failure to Pay Minimum Wages (FLSA)<br>3. Failure to Pay Overtime (FLSA)<br>4. Failure to Pay Minimum Wages (Cal. Labor Code)<br>5. Failure to Pay Overtime (Cal. Labor Code)<br>6. Failure to Indemnify (Cal. Labor Code)<br>7. Failure to Provide Meal & Rest Breaks (Cal. Labor Code)<br>8. Failure to Provide Itemized Wage Statements (Cal. Labor Code)<br>9. Failure to Pay Wages Due upon Discharge (Cal. Labor Code)<br>10. Misrepresentation<br>11. Deceit (Cal. Civil Code)<br>12. Breach of Contract<br>13. Wrongful Discharge<br>14. Unlawful Practices (Cal. Bus. & Prof Code) |

COMPLAINT AND DEMAND FOR JURY TRIAL -- 1

## I. INTRODUCTION

1. Plaintiff Jesus Silva Rodriguez is an agricultural and forestry worker from Mexico, admitted as a temporary non-immigrant foreign worker pursuant to 8 U.S.C. § 1101(a)(16)(H)(ii)(b) ("H-2B Program").  Mr. Rodriguez was recruited by RCO Reforesting, Inc. to travel to the United States with four other non-immigrant foreign workers to perform forestry work.  Defendants failed to reimburse Plaintiff for all of his travel costs, failed to pay Plaintiff the hourly wage that had been promised, and failed to pay Plaintiff and his coworkers overtime or compensation for daily travel time to and from the worksite.  Defendants violated federal and California wage and hour laws by failing to provide Plaintiff legally mandated meal and rest periods and accurate, itemized wage statements.  Defendants also failed to reimburse Plaintiff for necessary tools and equipment.  Defendants wrongfully terminated Plaintiff's employment.  Plaintiff seeks damages, restitution, penalties, and declaratory and injunctive relief from Defendants for their unlawful employment practices.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 1854 because Plaintiff seeks damages for violation of his federal statutory rights under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq*. and under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq*.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so closely related to Plaintiff's federal law wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.  This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendants reside and are domiciled within this district.

///

### III.     INTRADISTRICT ASSIGMENT

5.     This case is properly assigned to the Sacramento Division of this Court because a substantial part of this action arose in Siskiyou County, California.  Local Rule 120(d).

### IV.     PARTIES

6.     Plaintiff Jesus Silva Rodriguez is a Mexican national who was lawfully admitted to the United States under the H-2B program and worked pursuant to an H-2B visa for Defendants.  At all relevant times, Plaintiff worked for Defendants in either California or Idaho, as a migrant agricultural worker engaged in employment in interstate commerce and subject to the protections of AWPA and FLSA, and California labor laws, including but not limited to, the terms and conditions of employment prescribed by IWC Wage Order 14, 8 Cal. Code Regs § 11140 or IWC Wage Order 16, 8 Cal. Code Regs § 11160.  As a result of Defendants' violations of AWPA, the FLSA, and California law, Plaintiff has suffered injury in fact and has lost money or property, and Plaintiff is an aggrieved employee within the meaning of California Labor Code § 2699.

7.     Defendant RCO Reforesting, Inc. ("RCO") is a California corporation doing business in California.  On information and belief, RCO is engaged in the business of forestry and reforesting services.  Its principal executive office and principal business office is located at 524 South Foothill Drive, Yreka, California.  Its corporate mailing address is the same and the agent for service of process is Roberto C. Ochoa at 1332 Fairlane Road, Yreka, CA 96097.  On information and belief, Defendant Roberto Ochoa was the owner of RCO at all relevant times.

8.     Defendant Roberto Ochoa ("Roberto Ochoa") is, and at all times relevant was, an individual doing business in Siskiyou County, California.  Plaintiff alleges that Roberto Ochoa engaged in recruitment, hiring, establishing wage rates and otherwise directed and controlled the wages, hours and working conditions of employment and caused the violations of the California and U.S. employment laws alleged in this complaint.

9.     Plaintiff is informed, believes, and alleges that each of the Defendants was at all times relevant to this action, the agent, employee, representative, partner, and/or joint venture of the remaining Defendants and that each of the Defendants was at all times acting within the

course and scope of that relationship. Plaintiff is further informed, believes, and alleges that each of the Defendants consented to, ratified, and/or authorized the acts of each of the remaining Defendants. The conduct of each Defendant was at all times in accordance with and represents the policy of the Defendants. Plaintiff is further informed and believes and alleges that each Defendant carried out a joint scheme, business plan or uniform policy, and that the acts and omissions of each Defendant are legally attributable to the other Defendants such that they are deemed a single integrated enterprise and agents of one another such that all Defendants are jointly and severally liable for the acts and omissions alleged.

## V.     FACTUAL ALLEGATIONS

10. At all relevant times, Defendants jointly and severally operated and controlled a business in Siskiyou County that employs persons within the meaning of California Industrial Welfare Commission ("IWC") Wage Order No. 14-2001, 8 Cal. Code Regs 11140, or IWC Wage Order No. 16-2001, 8 Cal. Code Regs 11160. At all relevant times, Defendants employed more than 9 individuals, and up to 100 individuals as forestry workers.

11. Upon information and belief, Defendants recruited, solicited, hired, employed and suffered Plaintiff to work as a migrant forestry worker pursuant to an H-2B labor certification. Defendants or their agents promised Plaintiff and at least four other Mexican nationals that they would be paid $16.00 per hour and that their travel costs from Mexico to the United States would be paid by Defendants. Defendants or their agents promised that they would employ Plaintiff and the other Mexican nationals in the United States for at least twelve weeks.

12. As a result of these promises, Plaintiff traveled from Mexico to California and worked for Defendants, performing forestry and reforesting work for Defendants for approximately six weeks in September and October 2014, until his termination on or about October 24, 2014. Plaintiff worked for Defendants at sites located in Idaho and in sites located in Northern California.

13. Defendants directed Plaintiff and the other H-2B workers when to begin and end work, assigned tasks to each employee at the work site, directed them as to when and if they could take meal and rest breaks, and established their rates of pay. All work by Plaintiff was

suffered or permitted by Defendants and performed under the direction and control of Defendants.

14. Plaintiff and other H-2B forestry workers were directed to and did report for work at the pickup location at the lodging provided by Defendants each morning. Plaintiff was then transported to a worksite whose location was not previously disclosed to him or others where he generally arrived and at approximately 7 a.m. every day and worked in the forest until approximately 4 p.m. every day. He and the other H-2B workers were then transported back to the drop off point. While in Idaho, he worked six or seven days a week. While in California, Plaintiff worked five days a week. In addition to the nine hours of forestry work, the mandatory travel time added approximately three hours each way to work from the company-supplied lodging (pickup and drop-off point) to and from the California and Idaho work sites.

15. Defendants did not pay Plaintiff and the other H-2B workers $16.00 hour, as Defendants or their agents had promised Plaintiff when they recruited him. Instead, Defendants advised Plaintiff and the other H-2B workers once they arrived in the United States, that they would only be paid $13.00 per hour.

16. Plaintiff regularly worked more than 8 hours per day and/or more than 40 hours per week for Defendants but was never paid overtime compensation and received no compensation for the mandatory travel time.

17. Plaintiff incurred expenses of approximately $700 for travel from his place of recruitment to the United States. Defendants did not reimburse Plaintiff for all of his travel costs to the United States during the first work week, or at any time. Upon information and belief, Defendants underpaid Plaintiff for the hours he worked in order to recover approximately $500 that Defendants or their agent had given Plaintiff to pay for part of the travel costs from Mexico to the United States. Plaintiff incurred expenses of approximately $600 to return to Mexico after his termination, but Defendants failed to reimburse Plaintiff for any of those travel costs.

18. Defendants advised Plaintiff that he had to pay for his work gloves and protective boots and they told him that they would deduct these costs from his paycheck. Upon information

///

and belief, Plaintiff believes that deductions were made from Plaintiff's wages for his gloves, boots, and for his lodging.

19. Defendants failed to provide Plaintiff with accurate wage statements and, on information and belief, failed to keep accurate records showing the hours worked and the rate of compensation paid to Plaintiff. Plaintiff was paid in cash when he was discharged and received no wage statement for that pay period.

20. Plaintiff and other employees regularly worked in excess of five hours a day without being provided at least one thirty-minute meal period, and in excess of four hours a day without being provided at least a ten-minute rest period. Defendants directly or through their agents or employees told Plaintiff and other employees that they were only allowed to take one fifteen or twenty-minute lunch break.

21. Defendants failed to provide Plaintiff and the other employees with potable water. Plaintiff and the other employees had to drink from streams. Plaintiff complained about the lack of water and Defendant's supervisor told him that he had to bring his own water with him.

22. Defendants failed to provide Plaintiff and the other employees with toilet and handwashing facilities.

23. On or about October 24, 2014, Defendants wrongfully discharged Plaintiff and two other H-2B employees. Upon information and belief, Plaintiff was discharged because he complained to Defendant's supervisor about the misrepresentations that Defendants made, for asserting his rights under the H-2B Program, and because he complained about the lack of potable water to drink at the work sites.

24. After discharge, Defendants failed to pay Plaintiff's travel expenses to return to Mexico. Defendants failed to pay Plaintiff in full the wages to which he was entitled upon termination. Defendants failed to provide Plaintiff with a final wage statement.

///
///
///
///

## VI.   CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
AWPA Violations
(29 U.S.C. § 1801 *et seq.*)

25.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 24.

26.  29 U.S.C. § 1821(a) requires that employers disclose in writing to each such worker who is recruited for employment specific information at the time of recruitment, including but not limited to the place of employment, the wage rates to be paid, the period of employment, and the transportation, housing, and any other employee benefit to be provided, if any, and any costs to be charged for each of them.

27.  Defendants intentionally violated Plaintiff's rights under AWPA by failing to provide these written disclosures.

28.  29 U.S.C. § 1822(d) requires that the employer keep specific timekeeping records and provide the employee with itemized written pay statements.

29.  Defendants intentionally violated Plaintiff's rights under AWPA by failing to provide itemized accurate pay statements.

30.  29 U.S.C. § 1821(f) prohibits an employer from providing false information regarding the wages and benefits that will be paid to a worker.

31.  Defendants intentionally violated Plaintiff's rights by providing false and misleading information regarding the wages to be paid.

32.  29 U.S.C. § 1822(a) requires that the employer pay a worker's wages when due.

33.  Defendants intentionally violated Plaintiff's rights under AWPA by failing to pay wages when due.

34.  29 U.S.C. § 1822(c) requires that the employer comply with all terms of the working arrangement entered into between the employer and the workers.

35.  Defendants intentionally violated the working arrangements entered into with Plaintiff by failing to reimburse travel expenses to and from the U.S., failing to pay the agreed upon rate of pay, failing to provide housing free of charge, and failing to comply with California

law regarding the payment wages, and terms and conditions of employment and applicable occupational safety and health requirements.

## SECOND CAUSE OF ACTION
Failure to Pay Minimum Wages
(FLSA, 29 U.S.C. § 206 *et seq.*)

36. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 35.

37. The FLSA requires an employer to pay an employee the federal minimum wage for all hours worked or the state minimum wage when it is greater than the federal minimum wage.

38. H-2B regulations require that an H-2B worker be paid a wage that equals or exceeds the highest of the prevailing wage. or federal, state, or local minimum wage for the entire employment period in the H-2B application.  Defendants' application stated that workers would be paid between $12.15 and $15.69 per hour for regular time.

39 The H-2B Program required that the employer reimburse a worker's visa and travel costs to the extent that payment of those costs would bring the worker's pay below the prevailing rate during the first workweek of employment.  Defendants' application required Defendants to pay return travel costs for a worker dismissed prior to the end of the employment period

40. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff for all hours worked in violation of the FLSA, which signified that Plaintiff was paid less than minimum wages for all hours worked.

41. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff for his travel and visa expenses, which resulted in Plaintiff receiving less than minimum wages for all hours worked during his first work week.

42 Because of Defendants' unlawful and willful failure to pay minimum wage, Plaintiff is entitled to recover his unlawfully unpaid minimum wages, including interest and liquated damages pursuant to Section 216(b) of the FLSA.

///

**THIRD CAUSE OF ACTION**
Failure to Pay Overtime Wages
(FLSA, 29 U.S.C. § 207 *et seq.*)

43. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 42.

44. 29 U.S.C. § 207(a)(2)(C) provides that employees are entitled to overtime premium pay at not less than one and one-half time the employee's regular rate of pay for all hours worked in excess of forty hours in a week.

45. Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiff overtime premium pay when he worked in excess of forty hours in a week in violation of the FLSA.

46. Because of Defendants' unlawful failure and refusal to pay Plaintiff's' overtime wages, Plaintiff is entitled to recover, pursuant to section 216(b) of the FLSA, his unlawfully unpaid overtime compensation, including interest and liquidated damages in amounts to be proven at trial.

**FOURTH CAUSE OF ACTION**
Failure to Pay Minimum Wage
(California Labor Code §§ 1182.12, 1194, 1194.2, 1197 &8 Cal. Code Regs §§ 11140 & 11160)

47. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 46.

48. California Labor Code § 1197 and IWC Wage Order 14 or IWC Wage Order 16 require employers to pay employees a minimum wage. The minimum wage in 2014 was $9.00 per hour.

49. Because Defendants failed to pay Plaintiff for all hours worked, including mandatory travel time, failed to reimburse and/or made improper deductions for travel and visa costs and expenses for tools and equipment, Defendants willfully failed to pay Plaintiff minimum wage.

50. The minimum wage provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code § 1194(a). Plaintiff seeks unpaid wages, interest as well as liquidated damages pursuant to Labor Code § 1194.2.

**FIFTH CAUSE OF ACTION**
Failure to Pay Overtime
(California Labor Code 448 1198, and 8 Cal. Code Regs §§ 11140 & 11160)

51. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 50.

52. The IWC wage order applicable to Plaintiff required Defendants to pay him overtime wages of one and one-half times the regular rate of pay when working more than ten hours in a workday.

53. Defendants failed to pay Plaintiff overtime of one and one-half times his regular hourly rate when he worked more than ten hours in a day.

54. The overtime wages provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code § 1194(a). Plaintiff seeks unpaid overtime wages plus interest.

**SIXTH CAUSE OF ACTION**
Unauthorized Deductions from Wages and Failure to Reimburse for Business Expenses
(Cal, Labor Code § 2802)

55. Plaintiff incorporates by referenced the allegations contained in Paragraphs 1 through 54.

56. Cal. Labor Code § 2802 requires that an employer indemnify the employee for all necessary business expenditures.

57. Defendants advised Plaintiff that they were deducting the cost of his necessary personal protective equipment from his paycheck, and, upon information and belief, did so.

58. Defendants failed to reimburse Plaintiff for the travel and visa costs necessary to travel to the United States and failed to reimburse him for the travel costs associated with returning to Mexico after he was discharged.

59. Defendants willfully failed to reimburse Plaintiff for the expenditures he incurred in purchasing personal protective equipment and travel costs necessary for his job. Plaintiffs seeks reimbursement of those costs.

///

///

**SEVENTH CAUSE OF ACTION**
Failure to Provide Meal and Rest Breaks
(California Labor Law § 226.7, 8 Cal. Code Regs §§ 11140 & 11160)

60. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 58.

61. California Labor Code § 226.7 and IWC Wage Order 14 or 16, 8 Cal Code Regs § 11140(11) and 11160(10) require that an employer provide an employee with an off-duty thirty-minute meal break if the employee works more than a five-hour work period. Likewise, the employer is required to provide a ten-minute rest period for every four-hour work period.

62. Defendants only allowed Plaintiff to take a fifteen to twenty minute lunch break and did not allow rest breaks.

63. Plaintiff is entitled to receive premium compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each workday that Defendants failed to provide Plaintiff meal periods and one hour of additional wages at the applicable contractual rate of pay for each workday Defendants failed to provide Plaintiff's rest periods.

**EIGHTH CAUSE OF ACTION**
Failure to Provide Accurate, Itemized Wage Statements
(Cal. Lab. Code § 226)

64. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 63.

65. California Labor Code § 226(a) requires an employer to provide an employer with an accurate, itemized wage statement.

66. Defendants failed to provide accurate wage statements and failed to provide a wage statement for Plaintiff's final work period.

67. Plaintiff suffered injury as the result of not receiving accurate wage statements because he was unable to determine if he was paid all wages due for all hours worked.

68. Pursuant to California Labor Code § 226(e), Plaintiff is entitled to $50 for each initial pay period without an accurate itemized wage statement and $100 for each violation in a subsequent pay period, in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
Failure to Pay Wages Due upon Discharge
(Cal. Lab. Code §§ 201, 203)

69. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 68.

70. California Labor Code § 201(a) requires an employer to pay the employee all wages due immediately upon discharge.

71. Defendants discharged Plaintiff on or about October 24, 2014, but failed to pay Plaintiff all the wages due in accordance with Labor Code § 201.

72. Defendants' failure to pay Plaintiff was willful, and Plaintiff is entitled to recover waiting time penalties pursuant to Labor Code § 203.

## TENTH CAUSE OF ACTION
Misrepresentation
(Labor Code § 970)

73. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 72.

74. Defendants promised to pay Plaintiffs $16.00 per hour, but once Plaintiff arrived in the United States, advised Plaintiff that he would only be paid $13.00 per hour.

74. Defendants knowingly misrepresented the hourly rate of pay in order to induce Plaintiff and other H-2B workers to travel to the United States to work as H-2B workers.

76. Defendants promised to reimburse Plaintiff for his travel expenses to travel from Mexico to the United States and for the return travel costs when the migrant job ended.

77. Defendants knowingly misrepresented that they would reimburse travel costs in order to induce Plaintiff and the other H-2B workers to travel to the United States.

78. Plaintiff justifiably relied on Defendants and/or Defendants' agents' knowing misrepresentations and suffered economic harm.

79. Plaintiff seeks damages to compensate the lost income and expenses incurred as a result of the misrepresentation, plus an amount equal to that as liquidated damages pursuant to Cal. Labor Code § 972.

///

**ELEVENTH CAUSE OF ACTION**
Breach of Contract
(Cal. Civil Code § 1710)

80. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 79.

81. Defendants entered into an agreement to pay Plaintiff $16.00 per hour and pay for Plaintiff's travel expenses from Mexico to the United States and back to Mexico.

82. Defendants breached that agreement by failing to pay Plaintiff $16.00 per hour and failed to pay for all of his travel expenses.

83. Defendants subsequently entered into an agreement with Plaintiff that incorporated, as a matter of law, the terms and conditions of the H-2B certification granted to the Defendants, and under which Plaintiff's H-2B visa was issued.

84. Defendants agreed to provide employment to Plaintiff for a minimum of twelve weeks, reimburse travel expenses, provide free housing and tools and equipment and comply with all state and federal minimum standards applicable to agricultural workers.

85. Defendants failed to comply with state and federal minimum standards, and the provisions of the H-2B certification and wrongfully discharged Plaintiff after only six weeks of work in violation of the express terms of the employment agreement and the implied duty of good faith and fair dealing. Plaintiff seeks compensatory damages in an amount to be determined at trial.

**TWELFTH CAUSE OF ACTION**
Wrongful Discharge

86. Plaintiff incorporates by reference the allegations contained Paragraphs 1 through 85.

87. Defendants guaranteed Plaintiff employment for a minimum of three months.

88. Plaintiff objected to Defendants' violations of H-2B regulations and violation of California regulations requiring employers to provide potable water to agricultural workers.

89. Upon information and belief, Defendants wrongfully terminated Plaintiff's employment on or about October 24, 2014 in violation of Cal. Labor Code § 923, in violation of

H-2B regulations, and in violation of California labor regulations. His employment was terminated after only six weeks of work.

90. Defendants' premature discharge of Plaintiff constitutes a violation of public policy as expressed in 8 California Code of Regulations § 3457, the H-2B Act, and Cal. Labor Code § 923.

91. Defendants' actions, and specifically those of Roberto Ochoa, were knowing, willful and malicious and done with the deliberate intent to punish and intimidate Plaintiff as well as other H-2B workers and subject him to severe economic hardship. Plaintiff, therefore, seeks punitive damages in an amount to be proven at trial.

**THIRTEENTH CAUSE OF ACTION**
Unlawful Competition
(Cal. Bus. & Prof. Code § 17200 et seq.)

92. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 91.

93. Business & Professions Code §§ 17202 and 17203 prohibit unlawful and unfair activities.

94. In violation of state and federal law, Plaintiff was not paid minimum wage, overtime, provided with meal and rest periods, and was not paid all wages due on discharge. Further, Plaintiff was not reimbursed his travel expenses or business expenses, and did not receive accurate itemized wage statements.

95. In violation of California regulations, Plaintiff was not provided with potable water at any of the worksites and he was not provided access to toilets and hand washing facilities.

96. In violation of federal law and regulations, Defendants employed Plaintiff, and other workers, under terms and conditions that violated the H-2B certification granted to Defendants.

97. These state and federal law violations constitute unlawful and/or unfair activities and competition prohibited by law. As a direct and proximate result of the acts and omissions of

Defendants, Plaintiff has been deprived of wages and unlawfully forced to pay money for tools equipment and transportation in an amount to be proven at trial.

98. As the result of their unlawful and unfair acts, Defendants, have realized unfair benefits and illegal profits at the expense of Plaintiff and are at an unfair competitive advantage with respect to other employers.

99. Plaintiff is entitled to restitution of his wages and the economic value of benefits unlawfully denied him by Defendants in an amount to be determined at trial. Plaintiff also seeks injunctive relief ordering Defendants to cease their unlawful business practices.

## VII. REQUEST FOR RELIEF

Wherefore Plaintiff request judgment as follows:

1. An award of all actual, compensatory and punitive damages due according to proof;

2 An award of all statutorily mandated unpaid wages due and other compensation due, and statutory liquidated damages due thereon, according to proof,

3. An award of all statutory penalties arising from the violation of California Labor Code provisions, according to proof;

4. An award of restitution according to proof;

5. Declaratory and injunctive relief;

6 An award of attorney's fees and cost pursuant to 29 U.S.C. § 216, Cal. Labor Code §§ 226 and 1194;

7. An award of interest at the legal rate;

8. Such other and further relief as the Court deems just and proper.

///
///
///
///
///

**VIII.   DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims asserted herein by jury to the extent authorized by law.

Date:  October 21, 2016          CALIFORNIA RURAL LEGAL ASSISTANCE, INC.


By /s/ Laura Clauson Ferree_____
   Laura Clauson Ferree
   Attorney for Plaintiff