UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESUS RODRIGUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>RCO REFORESTING, INC. and<br>ROBERTO OCHOA,<br><br>        Defendants. | CIV. NO. 2:16-2523 WBS CMK<br><br>ORDER RE: MOTION TO AMEND<br>COMPLAINT |

----oo0oo----

        Plaintiff Jesus Rodriguez brought this action against defendants RCO Reforesting, Inc. ("RCO") and Roberto Ochoa, asserting various wage and hour and employment law claims under federal and California law. (Compl. (Docket No. 1).) Plaintiff now seeks leave to amend his Complaint to add a second plaintiff to this action. (Pl.'s Mot. (Docket No. 14).)

        Plaintiff is a Mexican national who worked in the United States on a temporary non-immigrant foreign worker ("H-

1

2B") visa in 2014. (Compl. ¶¶ 1, 6.) Defendant RCO, a California forestry company, and defendant Ochoa, owner of RCO, allegedly employed plaintiff while he was in the United States in 2014. (Id. ¶¶ 7-8, 11.)

On October 22, 2016, plaintiff filed this action, alleging, inter alia, that defendants failed to pay him his agreed-upon hourly rate, required overtime, travel costs to and from the United States, and required work expenses in violation of the Agricultural Worker Protection Act, Fair Labor Standards Act, California Labor Code, and California Civil Code. (Id. at 5, 7-13.) Plaintiff also alleges that defendants failed to provide him potable water, toilets, and handwashing facilities, and wrongfully discharged him in violation of California Business and Professional Code and California common law. (Id. at 13-14.) To date, defendants have not filed an answer to plaintiff's Complaint or entered an appearance in this case.[1]

On February 17, 2017, the court issued a pretrial scheduling order stating that "[n]o further joinder of parties or amendments to pleadings will be permitted by any party except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b)." (Feb. 17, 2017 Order at 2 (Docket No. 7).)

On the same day, plaintiff moved for leave to amend his

---

[1] It is not clear whether defendants have appeared in this matter. In the "Joint" Status Report filed February 13, 2017, it is represented that defendants have been served, but they have yet to file answers to the complaint. There are various representations in the report as to the defendants' position on the issues discussed therein, and a signature block for defendant Roberto Ochoa appears at the bottom of the report. Whether defendants' participation in that report was intended to constitute an appearance, or whether it has the legal effect of an appearance, is unclear.

2

Complaint to add Rigoberto Loa, another H-2B worker allegedly employed by defendants in 2014, to this action. (Pl.'s Mot.) According to plaintiff, Loa was subject to the same unlawful wage and employment practices he was subject to. (Id. at 6.) Twelve of the fourteen causes of action asserted in his Complaint, according to plaintiff, apply to Loa. (Id.)

Federal Rule of Civil Procedure 20(a) allows parties to join an action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a). The Ninth Circuit has held that Rule 20(a) "is to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977).

A party seeking to amend its pleading is generally subject to Federal Rule of Civil Procedure 15(a), which provides that it may amend its pleading once as a matter of right before a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). However, "[o]nce the district court [issues] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013).

3

| | |
|---|---|
| 1 | Under Rule 16(b), a party seeking to amend its pleading must demonstrate "good cause." Fed. R. Civ. P. 16(b). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson, 975 F.2d at 609. "If that party was not diligent, the inquiry should end." Id. Although "the focus of the inquiry is upon the moving party's reasons for seeking modification[,]" a court may make its determination by assessing the potential prejudice to other parties that would result from amendment. Id.

Based on plaintiff's representation that Loa will be asserting claims arising out of the same allegedly unlawful wage and employment practices he was subject to for the same period of time, (see Pl.'s Mot. at 6), the court finds that joinder of Loa is proper under Rule 20(a).

Plaintiff has demonstrated good cause to amend his Complaint. He represents that he did not receive notice of Loa's claims until two months after he filed his Complaint, (id. at 2), indicating that he could not have included Loa in his Complaint at the time he filed it. Plaintiff brought this Motion less than two months after receiving notice of Loa's claims, and before the initial pretrial scheduling conference in this case was set to take place. (Compare id. at 7 (motion filed on February 17, 2017), with Docket No. 3 (setting initial pretrial scheduling conference on February 27, 2017).) Allowing plaintiff to amend his Complaint will not prejudice defendants because defendants have not made an appearance in this case, and no discovery or substantive motion practice has taken place. Because there is no indication that plaintiff lacked diligence in seeking to add Loa,

4

and because an amendment of plaintiff's Complaint will not prejudice defendants, the court will grant plaintiff's Motion.

IT IS THEREFORE ORDERED that plaintiff's Motion for leave to amend his Complaint be, and the same hereby is, GRANTED. Plaintiff shall file the amended complaint attached as exhibit 1 to his Motion (Docket No. 15) within five days of the date this Order is signed.

Dated: April 12, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE