1  Laura Clauson Ferree (SBN 258127)
   Jessica Hiller (SBN 308063)
2  CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
   511 D Street
3  Marysville, CA 95901
   Telephone:  (530) 742-5191
4  Facsimile:  (530) 742-0421
   lferree@crla.org
5
   *Attorneys for Plaintiffs*
6  *Additional Counsel Listed on Page 2*

7              IN THE UNITED STATES DISTRICT COURT

8              EASTERN DISTRICT OF CALIFORNIA

9

10  JESUS SILVA RODRIGUEZ &      )   Case No.: 2:16-CV-02523-WBS-CMK
    RIGOBERTO ZEPEDA LOA         )
11                               )   **FIRST AMENDED COMPLAINT FOR**
                                 )   **DAMAGES, PENALTIES AND**
12            v.                 )   **INJUNCTIVE RELIEF**
                                 )
13                               )   Demand for Jury Trial
                                 )
14  RCO REFORESTING, INC, & ROBERTO )  1. Violations of AWPA
    OCHOA,                       )   2. Failure to Pay Minimum Wages (FLSA)
15                               )   3. Failure to Pay Overtime (FLSA)
            Defendants.          )   4. Failure to Pay Minimum Wages (Cal.
16                               )      Labor Code)
                                 )   5. Failure to Pay Overtime (Cal. Labor
17                               )      Code)
                                 )   6. Failure to Indemnify (Cal. Labor Code)
18                               )   7. Failure to Provide Meal & Rest Breaks
                                 )      (Cal. Labor Code)
19                               )   8. Failure to Provide Itemized Wage
                                 )      Statements (Cal. Labor Code)
20                               )   9. Failure to Pay Wages Due upon
                                 )      ·Discharge (Cal. Labor Code)
21                               )  10. Misrepresentation
                                 )  11. Deceit (Cal. Civil Code)
22                               )  12. Breach of Contract
                                 )  13. Wrongful Discharge
23                               )  14. Unlawful Practices (Cal. Bus. & Prof.
                                 )      Code)
24                               )  15. Failure to Pay Sick Leave (Cal.Labor
                                 )      Code)
25  _____ )

26  ///

27  ///

28  ///

Cynthia L. Rice (SBN 87630)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1430 Franklin St., Suite 103
Oakland, CA 94612
Telephone:  (510) 267-0762
Facsimile:  (510) 267-0763
crice@crla.org

Javier J. Castro (SBN 306294)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
145 East Weber Avenue
Stockton, CA 95202
Telephone:  (209) 946-0605
Facsimile: (209) 946-5730
jcastro@crla.org

Elizabeth D. Mauldin (SBN 266905)
CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.
10 E. North Avenue, #9
Baltimore, Maryland 21202
Tel: (410) 783-0236
Fax: (443) 817-0806
elizabeth@cdmigrante.org
*Counsel for Plaintiffs*

## I.   INTRODUCTION

1.      Plaintiffs Jesus Silva Rodriguez and Rigoberto Zepeda Loa are migrant forestry workers from Mexico, admitted as a temporary non-immigrant foreign workers pursuant to 8 U.S.C. § 1101(a)(16)(H)(ii)(b) ("H-2B Program"). Each Plaintiff was recruited in his home community in Mexico by RCO Reforesting, Inc. to travel to the United States with other non-immigrant foreign workers to perform forestry work. Defendants failed to reimburse Plaintiffs for all of their travel costs, failed to pay Plaintiffs the hourly wage that had been promised at the time of recruitment, and failed to pay Plaintiffs and their coworkers overtime or compensation for daily travel time to and from the worksite. Defendants violated federal and California wage and hour laws by failing to provide Plaintiffs legally mandated meal and rest periods and accurate, itemized wage statements. Defendants also failed to reimburse Plaintiffs for necessary protective gear. Defendants wrongfully terminated Plaintiffs' employment. Plaintiffs seek damages, restitution, penalties, and declaratory and injunctive relief from Defendants for their unlawful employment practices.

///

## II.   JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 1854 because Plaintiffs seek damages for violation of their federal statutory rights under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.* and under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216 *et seq.*

3.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims are so closely related to Plaintiffs' federal law wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.  This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

4.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and Defendants reside and are domiciled within this district.

## III.   INTRADISTRICT ASSIGMENT

5.      This case is properly assigned to the Sacramento Division of this Court because a substantial part of this action arose in Siskiyou County, California.  Local Rule 120(d).

## IV.   PARTIES

6.      Plaintiff Jesus Silva Rodriguez is a Mexican national who was lawfully admitted to the United States under the H-2B program and worked pursuant to an H-2B visa for Defendants.  At all relevant times, Plaintiff Rodriguez worked for Defendants in either California or Idaho, as a migrant agricultural worker engaged in employment in interstate commerce and subject to the protections of AWPA and FLSA, and California labor laws, including but not limited to, the terms and conditions of employment prescribed by IWC Wage Order 14, 8 Cal. Code Regs § 11140 or IWC Wage Order 16, 8 Cal. Code Regs § 11160.  As a result of Defendants' violations of AWPA, the FLSA, and California law, Plaintiff Rodriguez has suffered injury in fact and has lost money or property, and Plaintiff Rodriguez is an aggrieved employee within the meaning of California Labor Code § 2699.

7.    Plaintiff Rigoberto Zepeda Loa is a Mexican national who was lawfully admitted to the United States under the H-2B program and worked pursuant to an H-2B visa for Defendants. At all relevant times, Plaintiff Loa worked for Defendants in California, Idaho, Nevada, Oregon, or New Mexico as a migrant agricultural worker engaged in employment in interstate commerce and subject to the protections of AWPA and FLSA, and California labor laws, including but not limited to, the terms and conditions of employment prescribed by IWC Wage Order 14, 8 Cal. Code Regs § 11140 or IWC Wage Order 16, 8 Cal. Code Regs § 11160. As a result of Defendants' violations of AWPA, the FLSA, and California law, Plaintiff Loa has suffered injury in fact and has lost money or property, and Plaintiff Loa is an aggrieved employee within the meaning of California Labor Code § 269.

8.    Defendant RCO Reforesting, Inc. ("RCO") is a California corporation doing business in California. On information and belief, RCO is engaged in the business of forestry and reforesting services. Its principal executive office and principal business office is located at 524 South Foothill Drive, Yreka, California. Its corporate mailing address is the same and the agent for service of process is Roberto C. Ochoa at 1332 Fairlane Road, Yreka, CA 96097. On information and belief, Defendant Roberto Ochoa was the owner of RCO at all relevant times.

9.    Defendant Roberto Ochoa ("Roberto Ochoa") is, and at all times relevant was, an individual doing business in Siskiyou County, California. Plaintiffs allege that Roberto Ochoa engaged in recruitment, hiring, establishing wage rates and otherwise directed and controlled the wages, hours and working conditions of employment and caused the violations of the California and U.S. employment laws alleged in this complaint.

10.    Plaintiffs are informed, believe, and allege that each of the Defendants was at all times relevant to this action, the agent, employee, representative, partner, and/or joint venture of the remaining Defendants and that each of the Defendants was at all times acting within the course and scope of that relationship. Plaintiffs are further informed, believe, and allege that each of the Defendants consented to, ratified, and/or authorized the acts of each of the remaining Defendants. The conduct of each Defendant was at all times in accordance with and represents the policy of the Defendants. Plaintiffs are further informed and believe and allege that each

1   Defendant carried out a joint scheme, business plan or uniform policy, and that the acts and

2   omissions of each Defendant are legally attributable to the other Defendants such that they are

3   deemed a single integrated enterprise and agents of one another such that all Defendants are

4   jointly and severally liable for the acts and omissions alleged.

5               V.    **FACTUAL ALLEGATIONS**

6       11.    At all relevant times, Defendants jointly and severally operated and controlled a

7   business in Siskiyou County that employs persons within the meaning of California Industrial

8   Welfare Commission ("IWC") Wage Order No. 14-2001, 8 Cal. Code Regs 11140, or IWC

9   Wage Order No. 16-2001, 8 Cal. Code Regs 11160. At all relevant times, Defendants employed

10   more than 9 individuals, and up to 100 individuals, as forestry workers.

11       12.    Upon information and belief, in 2014, Defendants recruited, solicited, hired,

12   employed and suffered Plaintiff Rodriguez to work as a migrant forestry worker pursuant to an

13   H-2B labor certification. Defendants or their agents promised Plaintiff Rodriguez and at least

14   four other Mexican nationals that they would be paid $16.00 per hour and that their travel costs

15   from Mexico to the United States would be paid by Defendants. Defendants or their agents

16   promised that they would employ Plaintiff Rodriguez and the other Mexican nationals in the

17   United States for at least twelve weeks.

18       13.    As a result of these promises, Plaintiff Rodriguez traveled from his home

19   community in Mexico to California and worked for Defendants, performing forestry and

20   reforesting work for approximately six weeks in September and October 2014, until his

21   termination on or about October 24, 2014. Plaintiff Rodriguez worked for Defendants at sites

22   located in Northern California and Idaho.

23       14.    Upon information and belief, in 2014, 2015, and 2016, Defendants recruited,

24   solicited, hired, employed and suffered Plaintiff Loa to work as a migrant forestry worker

25   pursuant to an H-2B labor certification. Defendants or their agents promised Plaintiff Loa and

26   other Mexican nationals that they would employ Plaintiff Loa and the other Mexican nationals in

27   the United States for approximately six months. In 2016, Defendants promised Plaintiff Loa that

28   ///

they would pay for his lodging.  Plaintiff Loa worked for Defendants at sites located in Northern California, Idaho, Nevada, Oregon, and New Mexico.

15.     Each time Plaintiff Loa arrived in the United States to work, he reported to work in California and was advised by Defendants that there was no work available yet.  In 2014 and 2015, Plaintiff Loa and other Mexican nationals had to wait approximately one month in California before Defendants provided them work.  In 2016, Plaintiff Loa and other Mexican nationals had to wait approximately fifteen days in California before Defendants provided them work.  Defendants paid for their lodging, but failed to pay for their food or other costs while they waited for work to start.

16.     Defendants directed Plaintiffs and the other H-2B workers when to begin and end work, assigned tasks to each employee at the work site, directed them as to when and if they could take meal and rest breaks, and established their rates of pay.  All work by Plaintiffs was suffered or permitted by Defendants and performed under the direction and control of Defendants.

17.     Plaintiffs and other H-2B forestry workers were directed to and did report for work at the pickup location at the lodging provided by Defendants each morning.  Plaintiffs were then transported to a worksite whose location was not previously disclosed to them or others where they generally arrived at approximately 6 or 7 a.m. every day and worked in the forest until approximately 4 to 6 p.m. every day.  They and the other H-2B workers were then transported back to the drop off point.

18.     While in Idaho, Plaintiff Rodriguez worked six or seven days a week.  While in California, Plaintiff Rodriguez worked five days a week.  In addition to the nine hours of forestry work, the mandatory travel time added approximately three hours each way to work from the company-supplied lodging (pickup and drop-off point) to and from the California and Idaho work sites.

19.     Defendants did not pay Plaintiff Rodriguez $16.00 hour, as Defendants or their agents had promised Plaintiff Rodriguez when they recruited him.  Instead, Defendants advised

///

1  Plaintiff Rodriguez and the other H-2B workers once they arrived in the United States, that they

2  would only be paid $13.00 per hour.

3      20.    Plaintiff Loa generally worked six or seven days a week. In addition to ten to

4  twelve hours of forestry work, the mandatory travel time added approximately two to six hours

5  each way to work from the company-supplied lodging (pickup and drop-off point) to and from

6  his work sites.

7      21.    Plaintiff Loa was sick one day in 2016 while working in California and unable to

8  work. Defendants advised him that they would deduct $200 from his paycheck because he did

9  not work that day. Upon information and belief, Defendants deducted $200 from Plaintiff Loa's

10  wages in order to pay for his housing expenses because he was unable to work. Upon

11  information and belief, Defendants did not provide Plaintiff Loa with paid sick leave.

12      22.    In 2016, Plaintiff Loa and other H-2B workers were required to attend a one-week

13  fire safety training. Plaintiff Loa and the other H-2B workers were not paid any wages for their

14  time attending this weeklong full-time training.

15      23.    Plaintiffs regularly worked more than 8 hours per day and/or more than 40 hours

16  per week for Defendants but were not paid overtime compensation and received no

17  compensation for the mandatory travel time.

18      24.    Plaintiffs incurred travel and visa expenses to travel from their place of

19  recruitment in their home communities in Mexico to the United States. Defendants did not

20  reimburse Plaintiffs for all of their travel costs to the United States.

21      25.    Upon information and belief, Defendants underpaid Plaintiff Rodriguez for the

22  hours he worked in order to recover approximately $500 that Defendants or their agent had given

23  Plaintiff to pay for part of the travel costs from Mexico to the United States. Plaintiff Rodriguez

24  incurred expenses to return to Mexico after his termination, but Defendants failed to reimburse

25  Plaintiff Rodriguez for any of those travel costs.

26      26.    Defendants failed to reimburse Plaintiff Loa for the H-2B visa costs he incurred in

27  Mexico each year. Defendants did not pay for Plaintiff Loa's travel costs from the United States

28  to Mexico after terminating his employment in December 2016.

27.     Defendants advised Plaintiff Rodriguez that he had to pay for work gloves and protective boots and they told him that they would deduct these costs from his paycheck.  Upon information and belief, Plaintiff Rodriguez believes that deductions were made from his wages for his gloves, boots, and lodging.  Plaintiff Loa paid for his protective gear and was not reimbursed.

28.     Defendants failed to provide Plaintiffs with accurate wage statements and, on information and belief, failed to keep accurate records showing the hours worked and the rate of compensation paid to Plaintiffs.  Plaintiff Rodriguez was paid in cash when he was discharged and received no wage statement for that pay period.  Plaintiff Loa did not receive his last paycheck when he was discharged.  Plaintiff Loa was paid in cash or by personal check on several occasions and some of his paychecks were returned for insufficient funds.

29.     Plaintiffs and other employees regularly worked in excess of five hours a day without being provided at least one thirty-minute meal period, and in excess of four hours a day without being provided at least a ten-minute rest period.  Defendants directly or through their agents or employees told Plaintiffs and other employees that they were only allowed to take one fifteen or twenty-minute lunch break.

30.     Defendants failed to provide Plaintiffs and the other employees with potable water.  Plaintiffs and the other employees had to drink from streams.  Plaintiff Rodriguez complained about the lack of water and Defendant's supervisor told him that he had to bring his own water with him.

31.     Defendants failed to provide Plaintiffs and the other employees with toilet and handwashing facilities.

32.     On or about October 24, 2014, Defendants wrongfully discharged Plaintiff Rodriguez and two other H-2B employees.  Upon information and belief, Plaintiff was discharged because he complained to Defendants' supervisor about the misrepresentations that Defendants made, for asserting his rights under the H-2B Program, and because he complained about the lack of potable water to drink at the work sites.

///

33.     On or about December 2016, Defendants discharged Plaintiff Loa because he told Defendants that he wanted to leave work two weeks early to ensure he arrived in Mexico before the expiration of his H-2B visa.  Defendants retaliated against him by reducing his hourly rate from $18 per hour to $17 per hour.  Each season, Defendants failed to pay Plaintiff Loa his last paycheck.

34.     After discharge, Defendants failed to pay Plaintiff Rodriguez's travel expenses to return to Mexico.  Defendants failed to pay Plaintiffs in full the wages to which they were entitled upon termination.  Defendants failed to provide Plaintiffs with final wage statements.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
AWPA Violations
(29 U.S.C. § 1801 *et seq.*)

35.     Plaintiffs incorporates by reference the allegations contained in Paragraphs 1 through 34.

36.     Section § 1821(a) of the AWPA requires that employers disclose in writing to each such worker who is recruited for employment specific information at the time of recruitment, including but not limited to the place of employment, the wage rates to be paid, the period of employment, and the transportation, housing, and any other employee benefit to be provided, if any, and any costs to be charged for each of them.

37.     Defendants intentionally violated Plaintiffs' rights under AWPA by failing to provide these written disclosures.

38.     Section 1822(d) requires that the employer keep specific timekeeping records and provide the employee with itemized written pay statements.

39.     Defendants intentionally violated Plaintiffs' rights under AWPA by failing to provide itemized accurate pay statements.

40.     Section 1821(f) prohibits an employer from providing false information regarding the wages and benefits that will be paid to a worker.

41.     Defendants intentionally violated Plaintiffs' rights by providing false and misleading information regarding the wages to be paid.

1    42.    Section 1822(a) requires that the employer pay a worker's wages when due.

2    43.    Defendants intentionally violated Plaintiffs' rights under AWPA by failing to pay

3  wages when due.

4    44.    Section 1822(c) requires that the employer comply with all terms of the working

5  arrangement entered into between the employer and the workers.

6    45.    Defendants intentionally violated the working arrangements entered into with

7  Plaintiffs by failing to reimburse travel expenses to and from the U.S., failing to pay the agreed

8  upon rate of pay, failing to provide housing free of charge, and failing to comply with California

9  law regarding the payment wages, and terms and conditions of employment and applicable

10  occupational safety and health requirements.

11  <center>**SECOND CAUSE OF ACTION**
Failure to Pay Minimum Wages
12  (FLSA, 29 U.S.C. § 206 *et seq.*)</center>

13    46.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

14  through 45.

15    47.    The FLSA requires an employer to pay an employee the federal minimum wage

16  for all hours worked or the state minimum wage when it is greater than the federal minimum

17  wage.

18    48.    H-2B regulations require that an H-2B worker be paid a wage that equals or

19  exceeds the highest of the prevailing wage or federal, state, or local minimum wage for the entire

20  employment period in the H-2B application.  Defendants' 2014 application stated that workers

21  would be paid between $12.15 and $15.69 per hour for regular time.  Defendants' 2015

22  application stated that workers would be paid between $12.16 and $15.69 per hour for regular

23  time.  Defendants' 2016 application stated that workers would be paid between $10.00 and

24  $19.00 per hour for regular time.

25    49.    The H-2B Program rules for 2009 through 2014 requires that the employer

26  reimburse a worker's visa and travel costs to the extent that payment of those costs would bring

27  the worker's pay below the prevailing rate during the first workweek of employment.  H-2B

28  Program rules for 2015 and 2016 require that employers reimburse travel and subsistence costs

1  in their entirety once the worker completes 50% of the period of employment.  H-2B Program

2  rules beginning in 2015 require that employers reimburse outbound travel and subsistence costs

3  whether the employee completes the employment or is dismissed for any reason.  Defendants'

4  2014 and 2016 applications required Defendants to pay return travel costs for a worker dismissed

5  prior to the end of the employment period.

6         50.     Defendants' 2016 application required Defendants to provide H-2B workers with

7  an advance for travel costs to the United States and reimbursement of visa costs within the first

8  week of employment.

9         51.     Defendants willfully, intentionally, and with reckless disregard failed to pay

10 Plaintiffs for all hours worked in violation of the FLSA, which signified that Plaintiffs were paid

11 less than minimum wages for all hours worked.

12        52.     Defendants willfully, intentionally, and with reckless disregard failed to pay

13 Plaintiffs for their travel and visa expenses, which resulted in Plaintiffs receiving less than

14 minimum wages for all hours worked during their first work week.

15        53.     Because of Defendants' unlawful and willful failure to pay minimum wage,

16 Plaintiffs are entitled to recover their unlawfully unpaid minimum wages, including interest and

17 liquated damages pursuant to Section 216(b) of the FLSA.

18                       **THIRD CAUSE OF ACTION**
                           Failure to Pay Overtime Wages

19                    (FLSA, 29 U.S.C. § 207 *et seq.*)

20        54.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

21 through 53.

22        55.     29 U.S.C. § 207(a)(2)(C) provides that employees are entitled to overtime

23 premium pay at not less than one and one-half time the employee's regular rate of pay for all

24 hours worked in excess of forty hours in a week.

25        56.     Defendants willfully, intentionally, and with reckless disregard failed to pay

26 Plaintiffs overtime premium pay when they worked in excess of forty hours in a week in

27 violation of the FLSA.

28 ///

1      .57     Because of Defendants' unlawful failure and refusal to pay Plaintiffs' overtime

2   wages, Plaintiffs are entitled to recover, pursuant to section 216(b) of the FLSA, their unlawfully

3   unpaid overtime compensation, including interest and liquidated damages in amounts to be

4   proven at trial.

5                           **FOURTH CAUSE OF ACTION**
                          Failure to Pay Minimum Wage
6   (California Labor Code §§ 1182.12, 1194, 1194.2, 1197 &8 Cal. Code Regs §§ 11140 & 11160)

7      58.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

8   through57-.

9      59.     California Labor Code § 1197 and IWC Wage Order 14 or IWC Wage Order 16

10  require employers to pay employees a minimum wage.  The minimum wage in 2014 and 2015

11  was $9.00 per hour.  The minimum wage in 2016 was $10.00 per hour.

12     60.     Because Defendants failed to pay Plaintiffs for all hours worked, including

13  mandatory travel time, failed to reimburse and/or made improper deductions for travel and visa

14  costs and expenses for protective equipment, Defendants willfully failed to pay Plaintiffs

15  minimum wage.

16     61.     The minimum wage provisions of the California Labor Code are enforceable by

17  private action pursuant to California Labor Code § 1194(a).  Plaintiffs seek unpaid wages,

18  interest as well as liquidated damages pursuant to Labor Code § 1194.2.

19                           **FIFTH CAUSE OF ACTION**
                          Failure to Pay Overtime
20  (California Labor Code 448 1198, and 8 Cal. Code Regs §§ 11140 & 11160)

21     62.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

22  through 61.

23     63.     If IWC wage order 14 is applicable to Plaintiffs, Defendants were required to pay

24  Plaintiffs overtime wages of one and one-half times the regular rate of pay when working more

25  than ten hours in a workday.

26     64.     Defendants failed to pay Plaintiffs overtime of one and one-half times their

27  regular hourly rate when they worked more than ten hours in a day.

28  ///

65.     In the alternative, if IWC wage order 16 is applicable to Plaintiffs, Defendants were required to pay Plaintiffs overtime wages of one and one-half times the regular rate of pay when working more than eight hours in a workday

66.     Defendants failed to pay Plaintiffs overtime of one and one-half times their regular hour rate when they worked more than eight hour in a day.

67.     The overtime wages provisions of the California Labor Code are enforceable by private action pursuant to California Labor Code § 1194(a).  Plaintiffs seeks unpaid overtime wages plus interest.

## SIXTH CAUSE OF ACTION
Unauthorized Deductions from Wages and Failure to Reimburse for Business Expenses
(Cal, Labor Code § 2802)

68.     Plaintiffs incorporate by referenced the allegations contained in Paragraphs 1 through 67.

69.     Cal. Labor Code § 2802 requires that an employer indemnify the employee for all necessary business expenditures.

70.     Defendants advised Plaintiff Rodriguez that they were deducting the cost of his necessary personal protective equipment from his paycheck, and, upon information and belief, did so.  Defendants failed to reimburse Plaintiff Loa for the costs he incurred in purchasing necessary personal protective equipment.

71.     Defendants failed to reimburse Plaintiffs for the travel and visa costs necessary to travel to the United States and failed to reimburse Plaintiffs for the travel costs associated with returning to Mexico after they were discharged early by Defendants.

72.     Defendants willfully failed to reimburse Plaintiffs for the expenditures they incurred in purchasing personal protective equipment and travel costs necessary for their jobs. Plaintiffs seek reimbursement of those costs.

## SEVENTH CAUSE OF ACTION
Failure to Provide Meal and Rest Breaks
(California Labor Law § 226.7, 8 Cal. Code Regs §§ 11140 & 11160)

73.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 72.

74.     California Labor Code § 226.7 and IWC Wage Order 14 or 16, 8 Cal Code Regs § 11140(11) and 11160(10) require that an employer provide an employee with an off-duty thirty-minute meal break if the employee works more than a five-hour work period.  Likewise, the employer is required to provide a ten-minute rest period for every four-hour work period.

75.     Defendants only allowed Plaintiffs to take one fifteen to twenty-minute lunch break and did not allow rest breaks.

76.     Plaintiffs are entitled to receive premium compensation in an amount equal to one hour of additional wages at the applicable contractual rate of pay for each workday that Defendants failed to provide Plaintiffs meal periods and one hour of additional wages at the applicable contractual rate of pay for each workday Defendants failed to provide Plaintiffs rest periods.

### EIGHTH CAUSE OF ACTION
Failure to Provide Accurate, Itemized Wage Statements
(Cal. Lab. Code § 226)

77.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through76.

78.     California Labor Code § 226(a) requires an employer to provide an employer with an accurate, itemized wage statement.

79.     Defendants failed to provide accurate wage statements and failed to provide a wage statement for Plaintiffs' final work period.

80.     Plaintiffs suffered injury as the result of not receiving accurate wage statements because they were unable to determine if they were paid all wages due for all hours worked.

81.     Pursuant to California Labor Code § 226(e), Plaintiffs are entitled to $50 for each initial pay period without an accurate itemized wage statement and $100 for each violation in a subsequent pay period, in an amount to be proven at trial.

### NINTH CAUSE OF ACTION
Failure to Pay Wages Due upon Discharge
(Cal. Lab. Code §§ 201, 203)

82.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 81.

83.     California Labor Code § 201(a) requires an employer to pay the employee all wages due immediately upon discharge.

84.     Defendants discharged Plaintiff Rodriguez on or about October 24, 2014, but failed to pay Plaintiff all the wages due in accordance with Labor Code § 201.

85.     Defendants discharged Plaintiff Loa on or about December 2016, but failed to pay Plaintiff all the wages due in accordance with Labor Code § 201.  Defendants also failed to pay Plaintiff Loa his last paychecks in 2014 and 2016.

86.     Defendants' failure to pay Plaintiffs was willful, and Plaintiffs are entitled to recover waiting time penalties pursuant to Labor Code § 203.

**TENTH CAUSE OF ACTION**
Misrepresentation
(Labor Code § 970)

87.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 86.

88.     Defendants promised to pay Plaintiff Rodriguez $16.00 per hour, but once Plaintiff arrived in the United States, Defendants advised Plaintiff Rodriguez that he would only be paid $13.00 per hour.

89.     Defendants knowingly misrepresented the hourly rate of pay in order to induce Plaintiff Rodriguez and other H-2B workers to travel to the United States to work as H-2B workers.

90.     Defendants promised to reimburse Plaintiff Rodriguez for his travel expenses to travel from Mexico to the United States and for the return travel costs when the migrant job ended.

91.     Defendants knowingly misrepresented that they would reimburse travel costs in order to induce Plaintiff Rodriguez and the other H-2B workers to travel to the United States.

92.     Defendants promised Plaintiff Loa that there would be work for him when he arrived in the United States, but he arrived in California and had to wait two to four weeks each year before he was permitted to start working.

///

93. Defendants knowingly misrepresented to Plaintiff Loa that work was available upon arrival in California

94. Defendants promised Plaintiff Loa that they would pay his lodging for the 2016 season, but once he arrived in California, Defendants instead required Plaintiff Loa and other H-2B workers to work weekends for no pay as reimbursement for their lodging costs.

95. Defendants knowingly misrepresented that they would pay Plaintiff Loa's lodging.

96. Plaintiffs justifiably relied on Defendants and/or Defendants' agents' knowing misrepresentations and suffered economic harm.

97. Plaintiffs seeks damages to compensate the lost income and expenses incurred as a result of the misrepresentations, plus an amount equal to that as liquidated damages pursuant to Cal. Labor Code § 972.

## ELEVENTH CAUSE OF ACTION
### Breach of Contract
### (Cal. Civil Code § 1710)

98. Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 97.

99. Defendants in 2014 entered into an agreement to pay Plaintiff Rodriguez $16.00 per hour and pay for Plaintiff Rodriguez's travel expenses from Mexico to the United States and back to Mexico.

100. Defendants breached that agreement by failing to pay Plaintiff Rodriguez $16.00 per hour and failed to pay for all of his travel expenses.

101. Defendants in 2014 entered into an agreement to provide Plaintiff Loa with work upon his arrival in the United States.

102. Defendants breached that agreement by failing to permit Plaintiff Loa to start work for two to four weeks after his arrival in the United States during the 2014-2016 seasons.

103. Defendants in 2016 entered into an agreement to pay Plaintiff Loa's 2016 lodging.

104. Defendants breached that agreement by failing to pay Plaintiff Loa's lodging.

105.   Defendants in 2016 entered into an agreement to guarantee Plaintiff Loa employment for a total number of work hours equal to at least three-fourths of the workdays provided for in the H-2B job order.

106.   Defendants breached that agreement by failing to offer and/or pay Plaintiff Loa for at least three-fourths of the workdays provided for in the H-2B job orders approved for the 2016 seasons.

107.   Upon information and belief, Defendants entered into an agreement with Plaintiffs that incorporated, as a matter of law, the terms and conditions of the H-2B certification granted to the Defendants, and under which Plaintiffs' H-2B visa was issued.

108.   Defendants in 2014 agreed to provide employment to Plaintiffs for a minimum of twelve weeks, reimburse travel expenses, provide free housing and tools and equipment and comply with all state and federal minimum wages and to pay a wage that equals or exceeds the highest of the prevailing wage, or the applicable federal or state wage.

109.   Defendants breached that agreement by failing to comply with state and federal minimum standards, and the provisions of the 2014 H-2B certification.  Defendants further wrongfully discharged Plaintiff Rodriguez after only six weeks of work in violation of the express terms of the employment agreement and the implied duty of good faith and fair dealing. Plaintiffs seek compensatory damages in an amount to be determined at trial.

110.   Defendants in 2015 agreed to comply with all state and federal minimum wages, and to pay a wage that equals or exceeds the highest of the prevailing wage, or the applicable federal or state wage.

111.   Defendants breached that agreement by failing to comply with state and federal minimum standards, and the provisions of the 2015 H-2B certification.  Plaintiff Loa seeks compensatory damages in an amount to be determined at trial.

112.   Defendants in 2016 agreed to provide an advance for travel costs to the United States that would include a subsistence payment.  Defendants further agreed to reimburse the visa expenses within the first week of employment and provide tools and equipment.

113.   Defendants breached that agreement by failing to pay for advance costs, reimburse visa expenses, and provide tools and equipment.  Plaintiff Loa seeks compensatory damages in an amount to be determined at trial.

114.   Defendants in 2016 agreed to comply with all state and federal minimum standards, and to pay a wage that equals or exceeds the highest of the prevailing wage, or the applicable federal or state wage.

115.   Defendants breached this agreement by failing to comply with state and minimum standards, and the provisions of the 2016 H-2B certification.  Plaintiff Loa seeks compensatory damages in an amount to be determined at trial.

116.   Defendants in 2016 were required to guarantee work for a total number of work hours equal to at least three-fourths of the workdays in each twelve-week period beginning with the first workday after the arrival of the worker at the place of employment or the advertised first date of need.

117.   Defendants breached this agreement by failing to provide sufficient work in the first twelve-week period.  Plaintiff Loa seeks damages in an amount to be determined at trial.

118.   Defendants in 2016 agreed to pay Plaintiff Loa $18 per hour.

119.   Defendants breached this agreement by reducing his pay to $17 per hour after he advised that he wanted to return to Mexico in order to make sure he arrived before his H-2B visa expired.  Plaintiff Loa seeks damages in an amount to be determined at trial.

## TWELFTH CAUSE OF ACTION
### Wrongful Discharge of Plaintiff Rodriguez

120.   Plaintiff Rodriguez incorporates by reference the allegations contained Paragraphs 1 through 119.

121.   Defendants guaranteed Plaintiff Rodriguez employment for a minimum of three months.

122.   Plaintiff Rodriguez objected to Defendants' violations of H-2B regulations and violation of California regulations requiring employers to provide potable water to agricultural workers.

1    123.    Upon information and belief, Defendants wrongfully terminated Plaintiff

2   Rodriguez's employment on or about October 24, 2014, in violation of Cal. Labor Code §§ 98.6,

3   and 6310 in violation of H-2B regulations and in violation of California labor regulations.  His

4   employment was terminated after only six weeks of work.

5    124.    Defendants' premature discharge of Plaintiff Rodriguez constitutes a violation of

6   public policy as expressed in 8 California Code of Regulations § 3457, the H-2B Act and Cal.

7   Labor Code §§ 98.6 and 6310.

8    125.    Defendants' actions, and specifically those of Roberto Ochoa, were knowing,

9   willful and malicious and done with the deliberate intent to punish and intimidate Plaintiff

10   Rodriguez as well as other H-2B workers and subject him to severe economic hardship.  Plaintiff

11   Rodriguez, therefore, seeks punitive damages in an amount to be proven at trial.

12                      **THIRTEENTH CAUSE OF ACTION**
                             Unlawful Competition
13                    (Cal. Bus. & Prof. Code § 17200 et seq.)

14    126.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1

15   through 125.

16    127.    Business & Professions Code §§ 17202 and 17203 prohibit unlawful and unfair

17   activities.

18    128.    In violation of state and federal law, Plaintiffs were not paid minimum wage,

19   overtime, provided with meal and rest periods, and was not paid all wages due on discharge.

20   Further, Plaintiffs were not reimbursed their travel expenses or business expenses, and did not

21   receive accurate itemized wage statements.

22    129.    In violation of California regulations, Plaintiffs were not provided with potable

23   water at any of the worksites and they were not provided access to toilets and hand washing

24   facilities.

25    130.    In violation of federal law and regulations, Defendants employed Plaintiffs and

26   other workers, under terms and conditions that violated the H-2B certification granted to

27   Defendants.

28   ///

131.   These state and federal law violations constitute unlawful and/or unfair activities and competition prohibited by law. As a direct and proximate result of the acts and omissions of Defendants, Plaintiffs have been deprived of wages and unlawfully forced to pay money for tools equipment and transportation in an amount to be proven at trial.

132.   As the result of their unlawful and unfair acts, Defendants have realized unfair benefits and illegal profits at the expense of Plaintiffs and have positioned themselves at an unfair competitive advantage with respect to other employers.

133.   Plaintiffs are entitled to restitution of their wages and the economic value of benefits unlawfully denied them by Defendants in an amount to be determined at trial. Plaintiffs also seek injunctive relief ordering Defendants to cease their unlawful business practices.

### FOURTEENTH CAUSE OF ACTION
Failure to Pay Sick Leave to Plaintiff Loa
(Cal. Labor Code § 246 *et seq.*)

134.   Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 133.

135.   An employee shall accrue paid sick days at the rate of not less than one hour per every thirty hours worked, beginning at the commencement of employment after working for ninety days.

136.   Plaintiff Loa worked more than ninety days before he became sick.

137.   Defendants failed to provide Plaintiff Loa with sick leave and instead, penalized him by deducting $200 from his wages because he could not work.

138.   Plaintiff Loa seeks damages in an amount to be proven at trial.

### VII.   REQUEST FOR RELIEF

Wherefore Plaintiffs request judgment as follows:

1.   An award of all actual, compensatory and punitive damages due according to proof;

2.   An award of all statutorily mandated unpaid wages due and other compensation due, and statutory liquidated damages due thereon, according to proof,

3.     An award of all statutory penalties arising from the violation of California Labor Code provisions, according to proof;

4.     An award of restitution, according to proof;

5.     Declaratory and injunctive relief;

6     An award of attorney's fees and cost pursuant to 29 U.S.C. § 216, Cal. Labor Code §§ 226 and 1194;

7.     An award of interest at the legal rate;

8.     Such other and further relief as the Court deems just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial of the claims asserted herein by jury to the extent authorized by law.

Date: February 17, 2017        CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

By /s/ Laura Clauson Ferree
Laura Clauson Ferree
Attorney for Plaintiff