UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JESUS SILVA RODRIGUEZ and RIGOBERTO ZEPEDA LOA,<br><br>Plaintiffs,<br><br>v.<br><br>RCO REFORESTING, INC. and ROBERTO OCHOA,<br><br>Defendants. | CIV. NO. 2:16-2523 WBS CMK<br><br>ORDER RE: MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATED NOTICE PURSUANT TO 29 U.S.C. § 216(b) |

----oo0oo----

Plaintiffs Jesus Rodriguez and Rigoberto Loa brought this action against defendants RCO Reforesting, Inc. ("RCO") and Roberto Ochoa, asserting various wage and hour and employment law claims under federal and California law. (First Am. Compl. ("FAC") (Docket No. 24).) Presently before the court is plaintiffs' Motion to conditionally certify this action as an FLSA collective action and issue notice to similarly situated individuals under 29 U.S.C. § 216(b). (Pls.' Mot. (Docket No.

28).)

Defendants employed plaintiffs as temporary forestry workers pursuant to the H-2B visa program. (Docket No. 26-1, Ex. 3 ("Rodriguez Decl.") ¶ 2; id., Ex. 4 ("Loa Decl.") ¶ 2.) Plaintiffs allege that defendants had a policy of not paying plaintiffs for overtime work and not reimbursing plaintiffs for their travel and visa costs, as required by the H-2B visa program. (FAC ¶¶ 1, 23-26.) Defendants' alleged failure to reimburse travel and visa costs reduced plaintiffs' first week pay to below minimum wage. (Id. ¶¶ 49-52.) These practices, according to plaintiffs, are in violation of sections 206 and 207 of the FLSA. (See id. at 10-12.) Plaintiffs seek to conditionally certify this action as an FLSA collective action and issue notice to current and former employees who were subject to the above-described practices.

Employees may bring suits for violations of the FLSA on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b). The FLSA does not define the term "similarly situated," and neither the Supreme Court nor the Ninth Circuit has offered further clarification. Brown v. Citicorp Credit Servs., Civ. No. 1:12-62 BLW, 2013 WL 4648546, at *2 (D. Idaho Aug. 29, 2013). However, the Supreme Court "has indicated that a proper collective action encourages judicial efficiency by addressing in a single proceeding claims of multiple plaintiffs who share 'common issues of law and fact arising from the same alleged [prohibited] activity.'" Id. (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).

2

District courts in the Ninth Circuit typically follow a two-step process for FLSA actions. Id.; see also Velasquez v. HSBC Fin. Corp., 266 F.R.D. 424, 427 (N.D. Cal. 2010) (listing cases). The district court first determines whether to conditionally certify the proposed class and send notice of the action based on the submitted pleadings and affidavits. Murillo v. Pac. Gas & Elec. Co., 266 F.R.D. 468, 471 (E.D. Cal. 2010). After discovery and when the case is ready for trial, the court then engages in a more searching review of whether the plaintiffs are similarly situated, often triggered by a motion to decertify by the defendant. Id.; Velasquez, 266 F.R.D. at 427.

Given the lack of discovery and limited evidence available, courts apply a lenient standard to the first-step determination, which usually results in conditional class certification. Leuthold v. Destination Am., Inc., 224 F.R.D. 462, 467 (N.D. Cal. 2004). This step "requires only that plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." Murillo, 266 F.R.D. at 471. However, a plaintiff must supply "some modest evidentiary showing" beyond his or her own conclusory allegations, and the court need not rely on representations that indicate a lack of personal knowledge regarding alleged employer practices. Brown, 2013 WL 4648546, at *1-3.

Here, plaintiffs seek to conditionally certify an FLSA class defined as "[a]ll non-exempt workers employed by Defendants at any time between May 5, 2014 through the present, either under the terms of an H-2B job order or who were engaged in

corresponding employment." (Pls.' Proposed Order (Docket No. 26-2.) In support of their request, plaintiffs submit affidavits and copies of defendants' H-2B applications for temporary employment for 2013 through 2016, which defines the scope of the H-2B visa workers' job duties.[1] (See Docket No. 26-1, Ex. 2.)

Both plaintiffs attest that they were "not paid overtime for the hours [they] worked more than eight hours a day" and were "not paid more than 40 hours per week regardless of how many hours [they] actually worked." (Rodriguez Decl. ¶ 15; see Loa Decl. ¶ 12.) They also allegedly were not reimbursed for their visa costs or travel costs from Mexico to the company office in Yreka, (Rodriguez Decl. ¶¶ 7-8; Loa Decl. ¶¶ 5-7), which resulted in earning below minimum wage during their first work week, (FAC ¶ 52). Rodriguez additionally declares that he was "not paid for the time [he] spent traveling from [his] lodging to the work site and back to [his] lodging," which was upwards of three hours each way, further reducing his wages. (Rodriguez Decl. ¶¶ 12, 15.) Both employees were aware that some fellow employees were subjected to the same conditions because they witnessed such conduct and discussed these issues with their fellow employees. (Id. ¶¶ 8, 15; Loa Decl. ¶¶ 5, 7, 12.)

Plaintiffs' proposed class is overly broad because there are not "substantial allegations that the putative class members were subject to a single illegal policy, plan or decision." See Murillo, 266 F.R.D. at 471. The class must be limited to those individuals who have FLSA claims. See id.

---

[1] Defendants requested H-2B visas for 85 workers in 2013, 101 workers in 2014, 80 workers in 2015, and 67 workers in 2016.

4

(conditionally certifying a class where "defendant engaged in a uniform policy toward all class members"). For example, in <u>Adams v. Inter-Con Security Systems, Inc.</u>, 242 F.R.D. 530, 536 (N.D. Cal. 2007), the court conditionally certified a class of all current and former security officers who worked for defendants between certain dates because the allegations and affidavits indicated that no security officers were ever paid overtime wages. See also <u>Leuthold</u>, 224 F.R.D. at 468-69 (conditionally certifying a class of all tour directors and managers working for defendant because there was evidence that defendants never paid overtime).

Here, plaintiffs do not allege that defendants had a policy of never reimbursing travel costs and never paying overtime. Plaintiffs' counsel affirmed this position at oral argument. Yet plaintiffs' proposed class includes <u>all</u> H-2B workers and <u>all</u> workers in corresponding employment, which implies defendants never reimbursed costs or paid overtime. In other words, the class includes workers who have no FLSA claim. This deficiency defeats plaintiffs' Motion.

Plaintiffs must limit their proposed class to individuals who were subjected to defendants' alleged FLSA wage violations. At the very least, plaintiffs must narrow their proposed class to non-exempt workers employed by defendants at any time between May 5, 2014 through the present, either under the terms of an H-2B job order or who were engaged in corresponding employment who either were not paid for overtime or were not reimbursed for their travel and visa costs such that they made less than minimum wage.

Plaintiffs have not met the required showing for conditional certification. While their allegations and affidavits may suffice to conditionally certify some narrower class, the allegations do not justify conditionally certifying a class composed of all non-exempt H-2B visa workers and those in corresponding employment, regardless of whether they were subjected to FLSA violations. It is not for the court to rewrite the request to certify a different class than the one requested.

Having found that conditional certification of plaintiffs' proposed class is not proper, the court need not address plaintiffs' proposed notice and notice plan. See Kress v. PricewaterhouseCoopers, LLP, 263 F.R.D. 623, 628 (E.D. Cal. 2009) (Karlton, J.) ("If the court finds initial certification appropriate, it may order notice to be delivered to potential plaintiffs." (citing Hoffmann-La Roche, 493 U.S. at 172)).

IT IS THEREFORE ORDERED that plaintiffs' Motion for conditional certification of this action as an FLSA collective action and issuance of notice to class members (Docket No. 26) be, and the same hereby is, DENIED WITHOUT PREJUDICE.

Plaintiffs shall have fourteen days from the date this Order is signed to file an amended motion for conditional certification and facilitated notice.

Dated: June 16, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE