1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   JESUS SILVA RODRIGUEZ and          CIV. NO. 2:16-2523 WBS CMK
     RIGOBERTO ZEPEDA LOA,
13                                       MEMORANDUM AND ORDER RE:
                   Plaintiffs,           AMENDED MOTION FOR
14                                       CONDITIONAL CERTIFICATION AND
          v.                             MOTION TO MODIFY THE PRETRIAL
15                                       SCHEDULING ORDER
     RCO REFORESTING, INC. and
16   ROBERTO OCHOA,

17                   Defendants.

18
                            ----oo0oo----
19

20         Plaintiffs Jesus Rodriguez and Rigoberto Loa brought

21   this action against defendants RCO Reforesting, Inc. ("RCO") and

22   Roberto Ochoa, asserting various wage and hour and employment law

23   claims under federal and California law.  (First Am. Compl.

24   ("FAC") (Docket No. 24).)  Before the court is plaintiffs'

25   amended Motion to conditionally certify this action as an FLSA

26   collective action, issue notice to similarly situated individuals

27   under 29 U.S.C. § 216(b), and modify the February 17, 2017,

28   pretrial scheduling order.  (Pls.' Mot. (Docket No. 33).)

                                 1

1    Defendants employed plaintiffs as temporary forestry

2    workers pursuant to the H-2B visa program.  (Docket No. 35

3    ("Rodriguez Decl.") ¶ 2; Docket No. 33-4 ("Loa Decl.") ¶ 2.)

4    Plaintiffs allege that defendants had a policy of not paying

5    plaintiffs for overtime work and not reimbursing plaintiffs for

6    their travel and visa costs, which reduced their first week pay

7    to below minimum wage.  (FAC ¶¶ 1, 23-26, 49-52.)  These

8    practices allegedly violate the FLSA.  (See id. at 10-12.)  The

9    court denied plaintiffs' previous Motion to conditionally certify

10   this as a collective action on June 16, 2017.  (See June 16, 2017

11   Order (Docket No. 31).)

12   I.   Conditional Certification

13   Employees may bring suits for FLSA violations on behalf

14   of "other employees similarly situated."  29 U.S.C. § 216(b).

15   The FLSA does not define "similarly situated," and neither the

16   Supreme Court nor the Ninth Circuit has offered clarification.

17   Brown v. Citicorp Credit Servs., Civ. No. 1:12-62 BLW, 2013 WL

18   4648546, at *2 (D. Idaho Aug. 29, 2013).  However, the Supreme

19   Court has noted a collective action addresses "claims of multiple

20   plaintiffs who share 'common issues of law and fact arising from

21   the same alleged [prohibited] activity.'"  Id. (quoting Hoffmann-

22   La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).

23   Under the two-step process for FLSA actions, the court

24   first determines whether to conditionally certify the proposed

25   class and send notice of the action based on the pleadings and

26   affidavits.  Murillo v. Pac. Gas & Elec. Co., 266 F.R.D. 468, 471

27   (E.D. Cal. 2010).  "Determining whether a collective action is

28   appropriate is within the discretion of the district court."

1   Leuthold v. Destination Am., 224 F.R.D. 462, 466 (N.D. Cal. 2004)

2   (citation omitted).  After discovery, the court engages in a more

3   searching review of whether plaintiffs are similarly situated,

4   often triggered by a motion to decertify by defendant.  Id.

5          Courts apply a lenient standard to the first-step.

6   Leuthold, 224 F.R.D. at 467.  This step requires that "plaintiffs

7   make substantial allegations that the putative class members were

8   subject to a single illegal policy, plan or decision."  Murillo,

9   266 F.R.D. at 471.  However, a plaintiff must supply "some modest

10  evidentiary showing," and the court need not rely on statements

11  that indicate a lack of personal knowledge of alleged employer

12  practices.  Brown, 2013 WL 4648546, at *1-3.  Plaintiffs bear the

13  burden to show that they are similarly situated "to all potential

14  class members, not merely some portion of them."  Kesley v.

15  Entm't U.S.A. Inc., 67 F. Supp. 3d 1061, 1066 (D. Ariz. 2014).

16         Here, plaintiffs seek to conditionally certify an FLSA

17  class defined as:

18         All non-exempt workers employed by Defendants
           at any time between May 5, 2014 through the
19         present, as forestry workers either under the
           terms of an H-2B job order or who were
20         engaged in corresponding employment, who
           incurred and were not reimbursed for their
21         travel and visa costs during the first weeks
           of employment such that they made less than
22         minimum wage and/or worked in excess of forty
           hours per week and were not compensated for
23         those hours at the applicable overtime rate.

24  (Pls.' Proposed Order (Docket No. 33-6).)  In support of their

25  Motion, plaintiffs submit affidavits and copies of defendants' H-

26  2B applications for 2013 through 2016.[1]  (See Docket No. 33-2.)

27  _____

28         [1]  Defendants requested H-2B visas for 85 workers in 2013,
    101 workers in 2014, 80 workers in 2015, and 67 workers in 2016.

3

1    Both plaintiffs attest that they, as H-2B workers, were

2    "not paid overtime for the hours [they] worked more than eight

3    hours a day" and were "not paid more than 40 hours per week

4    regardless of how many hours [they] actually worked." (Rodriguez

5    Decl. ¶ 15; see Loa Decl. ¶ 12.)  They also allegedly were not

6    reimbursed for their visa or travel costs from Mexico to the

7    company office in Yreka, (Rodriguez Decl. ¶¶ 7-8; Loa Decl. ¶¶ 5-

8    7), causing them to make below minimum wage their first week,

9    (FAC ¶ 52).  They were aware that other H-2B workers were subject

10   to the same conditions because they witnessed such conduct and

11   discussed these issues with other H-2B workers.  (Id. ¶¶ 8, 15;

12   Loa Decl. ¶¶ 5, 7, 12.)

13   Defendants argue the class is impermissibly vague and

14   overbroad because it includes H-2B visa workers and workers

15   "engaged in corresponding employment."  The court may, in its

16   discretion, narrow the scope of the proposed collective action.

17   See, e.g., Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474,

18   483-84 (E.D. Cal. 2006) (Coyle, J.) (excluding certain types of

19   drivers from conditional certification of an FLSA collective

20   action because plaintiffs failed to show these drivers were

21   similarly situated); see also Adams v. Inter-Con Sec. Sys., Inc.,

22   242 F.R.D. 530, 539 (N.D. Cal. 2007) (narrowing the class of

23   individuals who are entitled to receive notice of the action).

24   The court agrees that the proposed class is overbroad.

25   First, including those engaged in corresponding

26   employment introduces ambiguity in the class.  See Romero, 235

27   F.R.D. at 484 (removing inclusion of individuals engaged in

28   "equivalent delivery positions" from conditional certification

4

1   because it "introduces ambiguity in the class").  Corresponding

2   employment is defined by 20 C.F.R. § 655.5 as someone engaged in

3   "substantially the same work included in the job order or

4   substantially the same work performed by the H-2B workers."

5   However, it is unclear what constitutes "substantially the same

6   work," and thus it is unclear to potential plaintiffs who falls

7   within the scope of the class.  Ambiguity also prevents the court

8   from determining whether plaintiffs and all potential class

9   members are similarly situated.

10          Second, and more importantly, plaintiffs' affidavits

11  are devoid of any information or personal knowledge regarding

12  workers in corresponding employment.  There is no evidence or

13  allegations that workers in corresponding employment were subject

14  to the same alleged FLSA violations as the H-2B workers.  See

15  Adams, 242 F.R.D. at 536 (finding conditional certification

16  proper where "the putative class members were subject to a single

17  illegal policy, plan or decision").  Plaintiffs Loa's and

18  Rodriguez's declarations discuss their knowledge of FLSA

19  violations incurred by other H-2B visa workers, but make no

20  mention of those in corresponding employment.  (See, e.g.,

21  Rodriguez Decl. ¶ 15 ("I know other H-2B workers were not paid

22  for all of the hours they worked because we would discuss our pay

23  and compare our paychecks.") (emphasis added).)  The First

24  Amended Complaint also contains no allegations regarding workers

25  in corresponding employment.  Because plaintiffs fail to indicate

26  that they have any personal knowledge regarding non-H-2B visa

27  workers, plaintiffs fail to show that those in corresponding

28  employment were subject to the same "single illegal policy, plan

1    or decision" as H-2B workers.  <u>See</u> <u>Murillo</u>, 266 F.R.D. at 471.

2         Because including workers in corresponding employment

3    introduces ambiguity and there is no evidence that workers in

4    corresponding employment suffered FLSA violations, plaintiffs

5    have not shown that they are similarly situated "to all potential

6    class members."  <u>See</u> <u>Kesley</u>, 67 F. Supp. 3d at 1066.  The court

7    will exercise its discretion to narrow the scope of the proposed

8    collective action and exclude those in corresponding employment.

9    The court will conditionally certify a class of:

10            All non-exempt workers employed by Defendants
              at any time between May 5, 2014 through the
11            present, as forestry workers under the terms
              of an H-2B job order who (1) incurred and
12            were not reimbursed for their travel and visa
              costs during the first weeks of employment
13            such that they made less than minimum wage
              and/or (2) worked in excess of forty hours
14            per week and were not compensated for those
              hours at the applicable overtime rate.
15
     II.  <u>Notice</u>
16
          Where "the court finds initial certification
17
     appropriate, it may order notice to be delivered to potential
18
     plaintiffs."  <u>Kress v. PricewaterhouseCoopers, LLP</u>, 263 F.R.D.
19
     623, 628 (E.D. Cal. 2009) (Karlton, J.) (citing <u>Hoffmann-La</u>
20
     <u>Roche</u>, 493 U.S. at 172).  Having found that conditional
21
     certification is proper, the court finds that issuance of notice
22
     to the certified class is proper.  The court will address
23
     plaintiffs' proposed notice plan and proposed notice.
24
          Plaintiffs seek authorization of a notice plan whereby
25
     defendants provide plaintiffs with the contact information of all
26
     potential class members, plaintiffs send notice of this action to
27
     the potential members, defendants post a copy of the notice in
28
                                    6

1  English and Spanish in their office and employer-provided

2  housing, and defendants provide a copy of the notice with the

3  paychecks of each H-2B worker for the entire opt-in period.

4  Plaintiffs request a six-month opt-in period from the date

5  defendants provide the information of potential plaintiffs.

6  Defendants object to several aspects of this notice plan.

7       Defendants first object to the notice plan because

8  plaintiffs' opt-in period begins after production of all

9  potential plaintiffs' information, suggesting that failure by

10  defendants to produce the name, phone number, and address of one

11  potential member would delay commencement of the opt-in period

12  indefinitely.  The court shall remedy this objection by (1)

13  requiring defendants to provide the information of all potential

14  class members for which they have contact information and (2)

15  commencing the opt-in period from the date this Order is signed.

16       Defendants next object to the requirement that

17  defendants post notice of this action in all employer-provided

18  housing and provide a copy of the notice with the paycheck of

19  each H-2B worker for the six month opt-in period.  The court

20  agrees with both objections.  Requiring defendants to provide

21  notice of the action with each H-2B worker's paycheck for six

22  months is overly burdensome.  However, providing a copy of the

23  notice with an H-2B worker's paycheck will help facilitate notice

24  to the potential class members.  Thus, defendants shall provide a

25  copy of the notice in each H-2B worker's paycheck for the

26  September 1, 2017, and October 1, 2017, pay periods.

27       Defense counsel argues that defendants do not own any

28  of the employer-provided housing, and thus defendants would not

1  be permitted to post the notices in employer-provided housing.

2  At oral argument, defense counsel confirmed that defendants own

3  no employer-provided housing.  The court will not compel non-

4  parties to this case--the owners of the employer-provided

5  housing--to permit defendants to place a copy of the notice of

6  this action in their facilities.  Thus, the court will not

7  require defendants to post notice of this action in employer-

8  provided housing.

9        As for the content of the notice, it must "provide

10 potential class members 'accurate . . . notice concerning the

11 pendency of the collective action, so that they can make informed

12 decisions about whether to participate.'"  Romero, 235 F.R.D. at

13 492 (quoting Hoffmann-La Roche, 493 U.S. at 170)).

14       Defendants first object to the portion of the "Your

15 Rights to Join This Lawsuit" section that states those who

16 believe they "were not reimbursed for your transportation and

17 other expenses during the first weeks of work" may seek to join

18 this action.  (See Proposed Notice at 3 (emphasis added).)

19 Defendants argue that the reference to "other expenses"

20 inaccurately suggests to potential plaintiffs that they may have

21 broad entitlement for reimbursement of expenses beyond the

22 requirements of the FLSA.  Because the notice should provide

23 potential class members with accurate information, Romero, 235

24 F.R.D. at 492, the court finds that the expenses in this section

25 should reflect the expenses listed in the conditionally certified

26 class.  The court thus will require plaintiffs to substitute

27 "transportation and other expenses" with "travel and visa costs."

28 In light of the narrowed class, the court will also require

8

1   plaintiffs to clarify that only individuals employed under the

2   terms of an H-2B job order may join this action.

3          Defendants also object to the portion of the "Your

4   Legal Representation" section that states "However, CRLA and CDM

5   will seek an award of costs and attorneys' fees from the Court

6   pursuant to an agreement with the Defendants."  (See Proposed

7   Notice at 4.)  Defendants argue this sentence is improper because

8   it suggests the parties will reach an agreement regarding the

9   attorneys' fees award.  The court agrees and plaintiffs shall

10  remove the phrase "pursuant to an agreement with the Defendants."

11         Defendants next object to the notice because it does

12  not provide defense counsel's contact information and does not

13  inform potential plaintiffs that they have a right to select

14  their own counsel.  Other courts in the Ninth Circuit have

15  explicitly rejected these additions because they would "lead to

16  confusion, inefficiency and cumbersome proceedings."  See, e.g.,

17  Adams, 242 F.R.D. at 541.  The court will overrule this

18  objection.

19         In all other regards, the court will approve

20  plaintiffs' notice plan and proposed notice.

21  III. Amend Pretrial Scheduling Order

22         Plaintiffs also move to modify the court's February 17,

23  2017, pretrial scheduling order (Docket No. 7) to extend

24  discovery and other dates by six months in order to permit

25  potential plaintiffs with time to opt-in.  All discovery is set

26  to close on August 31, 2017, and all motions must be filed by

27  September 15, 2017, which will prevent potential plaintiffs from

28  opting-in to this action and prevent the parties from

1  incorporating the opt-in plaintiffs into their dispositive

2  motions.  Plaintiffs did not delay in moving for this

3  modification because they first moved to modify the Scheduling

4  Order less than three months after the court issued its

5  Scheduling Order.  The court finds that there is good cause to

6  modify the Scheduling Order, and the court will grant plaintiffs'

7  Motion.  See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth

8  Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992).

9           IT IS THEREFORE ORDERED that plaintiffs' Motion for

10  conditional certification of this action as an FLSA collective

11  action and issuance of notice to class members (Docket No. 33)

12  be, and the same hereby is, GRANTED:

13          (1)  The court conditionally certifies a FLSA

14  collective action for:

15          All non-exempt workers employed by Defendants
            at any time between May 5, 2014 through the
16          present, as forestry workers under the terms
            of an H-2B job order who (1) incurred and
17          were not reimbursed for their travel and visa
            costs during the first weeks of employment
18          such that they made less than minimum wage
            and/or (2) worked in excess of forty hours
19          per week and were not compensated for those
            hours at the applicable overtime rate.
20
            (2)  The court directs defendants to produce to
21
    plaintiffs the names, addresses, and telephone numbers of all
22
    potential class members for which they currently possess
23
    information within fourteen days from the date this Order is
24
    signed.
25
            (3)  The court approves an opt-in period of six months,
26
    commencing from the date this Order is signed.
27
            (4)  The court approves the mailing of the Proposed
28

                                    10

1  Notice (Docket No. 33-1), as amended below, for distribution to

2  potential class members, which shall include notice of the opt-in

3  period as established in this Order.  Plaintiffs shall submit the

4  amended notice to the court and defendants within seven days from

5  the date this Order is signed and prior to distribution to any

6  potential class members.  Plaintiffs shall amend the Proposed

7  Notice as follows:

8          (i)  In the section of the Proposed Notice titled

9  "Your Rights to Join This Lawsuit," plaintiffs shall substitute

10 the clause "If you worked for Defendants at any time from May 5,

11 2014 through the present (and even if you are not currently

12 employed by Defendants), and believe you were not reimbursed for

13 your transportation and other expenses during the first weeks of

14 work" for "If you worked for Defendants at any time from May 5,

15 2014 through the present (and even if you are not currently

16 employed by Defendants) under the terms of an H-2B job order, and

17 believe you were not reimbursed for your travel and visa costs

18 during the first weeks of work."

19         (ii) In the section of the Proposed Notice titled

20 "Your Legal Representation," plaintiffs shall delete the phrase

21 "pursuant to an agreement with the Defendants."

22 (5)  The court directs that, for the six month opt-in

23 period, defendants shall post a copy of the notice, in Spanish

24 and English, in defendants' offices.

25 (6)  The court directs defendants to enclose a copy of

26 the notice with the paycheck of each H-2B worker employed by

27 defendants for the September 1, 2017, and October 1, 2017, pay

28 periods.

1         IT IS FURTHER ORDERED that plaintiffs' Motion for to

2    modify the court's February 17, 2017 Scheduling Order (Docket No.

3    33) be, and the same hereby is, GRANTED.  The court's February

4    17, 2017 Scheduling Order is modified as follows:

5         (1)  Expert Reports are due January 30, 2018;

6         (2)  All discovery closes April 2, 2018;

7         (3)  All motions shall be filed by April 16, 2018;

8         (4)  The Final Pretrial Conference is set for July 16,

9             2018, at 1:30 p.m. in Courtroom No. 5;

10        (5)  The jury trial is set for September 18, 2018, at

11            9:00 a.m.

12   Dated:  August 8, 2017

13   WILLIAM B. SHUBB

14   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12