Laura Clauson Ferree (SBN 258127)
Jessica Hiller (SBN 308063)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
511 D Street
Marysville, CA 95901
Telephone: (530) 742-5191
Facsimile: (530) 742-0421
lferree@crla.org

Cynthia L. Rice (SBN 87630)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
1430 Franklin Street, Suite 103
Oakland, CA 94612
Telephone: (510) 267-0762
Facsimile: (510) 267-0763
crice@crla.org

Javier J. Castro (SBN 306294)
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
145 East Weber Avenue
Stockton, CA 95202
Telephone: (209) 946-0605
Facsimile: (209) 946-5730
jcastro@crla.org

Additional Plaintiffs' Counsel Listed on Page 2
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS SILVA RODRIGUEZ & RIGOBERTO ZEPEDA LOA,<br><br>Plaintiffs,<br>v.<br><br>RCO REFORESTING, INC. & ROBERTO OCHOA,<br><br>Defendants. | CASE NO.: 2:16-cv-02523-WBS-CMK<br><br>**STIPULATED JUDGMENT AND ORDER**<br><br>Judge: Hon. William B. Shubb<br>Courtroom: 5<br>Trial Date:  December 4, 2018 |

1

**STIPULATED JUDGMENT AND ORDER**

Elizabeth D. Mauldin (SBN 266905)
CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.
10 East North Avenue, #9
Baltimore, Maryland 21202
Telephone: (410) 783-0236
Facsimile: (443) 817-0806
elizabeth@cdmigrante.org

Benjamin R. Botts (SBN 274542)
CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.
Nuevo León 159, Int. 101
Col. Hipódromo, Del. Cuauhtémoc
C.P. 06100 Ciudad de México, D.F., MEXICO
Telephone: (855) 234-9699
Facsimile: (443) 817-0806
ben@cdmigrante.org

**STIPULATED JUDGMENT AND ORDER**

Plaintiffs Jesus Silva Rodriguez and Rigoberto Zepeda Loa and Defendants RCO Reforesting, Inc. and Roberto Ochoa (collectively, "the Parties") have agreed to resolve the matters in controversy in this civil action and hereby stipulate to the entry of this Stipulated Judgment in accordance with the following.

## I. STATEMENT BY THE PARTIES

A. On October 21, 2016, Plaintiff Jesus Silva Rodriguez filed a Complaint alleging that Defendants violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206 and 207; the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.*; and numerous California laws, including but not limited to the terms and conditions of employment prescribed by Industrial Welfare Commission ("IWC") Wage Order 16, Cal. Code Regs. tit. 8, § 11160 (2016).

B. The Complaint was subsequently amended twice. First, Plaintiff Jesus Silva Rodriguez amended the Complaint to add Rigoberto Zepeda Loa as a plaintiff in this lawsuit. *See* First Amended Complaint, Doc. 15. Second, Plaintiffs Jesus Silva Rodriguez and Rigoberto Zepeda Loa amended the First Amended Complaint to add a cause of action under the California Labor Code Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699 *et seq. See* Second Amended Complaint, Doc. 37. Plaintiffs brought the PAGA cause of action on behalf of themselves and other current or former aggrieved employees, as defined. Cal. Lab. Code § 2699(a).

C. The Parties agree that this Court has jurisdiction over them and subject matter of this civil action and venue lies in the United States District Court for the Eastern District of California.

D. Defendants RCO Reforesting, Inc. and Roberto Ochoa acknowledge that they and any individual, agent, or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Stipulated Judgment.

E. At all relevant times, Defendant RCO Reforesting, Inc. ("RCO") has been a business engaged in providing forestry and reforesting services. Defendant Roberto Ochoa has been the owner and president of RCO, exercising operational and managerial control over the business, its policies and practices, and its employees.

3
**STIPULATED JUDGMENT AND ORDER**

F. Defendants agree that they recruited, hired, employed, and suffered Plaintiffs Jesus Silva Rodriguez and Rigoberto Zepeda Loa to work as migrant forestry workers pursuant to an H-2B labor certification.

G. Defendants agree that they are jointly and severally liable for the acts and omissions alleged in Plaintiffs' Second Amended Complaint and were Plaintiffs' employers within the meaning of the FLSA and the California Labor Code and applicable Wage Orders.

H. Defendants agree to freely and voluntarily resolve all allegations of Plaintiffs' Second Amended Complaint.

I. Defendants agree to the entry of this Stipulated Judgment without contest.

J. Defendants agree that judgment shall be entered in favor of Plaintiffs and against Defendants in the amount of $500,000.00 in consideration of this settlement agreement and to resolve this case. This judgment shall be allocated in the following manner: $24,553.25, payable to Plaintiff Jesus Silva Rodriguez; $84,816.50, payable to Plaintiff Rigoberto Zepeda Loa; $350,000 payable to the aggrieved employees and the Labor and Workforce Development Agency, $313,943.27 representing underpaid wages payable to aggrieved employees pursuant to California Labor Code sections 2699(a), 558, and 1197.1, and $36,056.73 representing penalties pursuant to the PAGA, $27,042.40 of which is to be paid to the Labor and Workforce Development Agency and $9,014.33 of which is to be paid to aggrieved employees pursuant to Labor Code §2699(i); and $40,630.25, representing attorneys' fees and costs. Defendants further agree not to contest any assessment Plaintiffs make in connection with these funds and agree to waive any procedural requirements that are required for Plaintiffs to make any assessment related to these funds.

K. In satisfaction of the judgment amount provided in Paragraph J. of this Stipulated Judgment, Defendants agree to make payments in the following manner:

    i. Defendants, or their successors or assigns, shall pay the judgment in installments of $500.00 per month commencing January 1, 2019, or no later than 10 days after approval and entry of this Stipulated Judgment and continuing until such time as the judgment is fully satisfied.

4

**STIPULATED JUDGMENT AND ORDER**

ii. In addition to the monthly installment payments Defendants shall pay the amount of $20,000.00 within 180 days after approval and entry of this Stipulated Judgment and Order, $4,000.00 represents partial payment of the $24,553.25 owed to Plaintiff Jesus Silva Rodriguez, and $16,000.00 represents partial payment of the $84,816.50 owed to Plaintiff Rigoberto Zepeda Loa.

iii. In the event that Defendants consecutively fail to make three or more of the payments due under this Stipulated Judgment and Order, upon motion of the Plaintiffs the monetary amount of the judgment shall be increased to $750,000.00, Defendants' obligation to continue to make the monthly payments shall continue, and the full amount of the increased judgment shall be accelerated and become due and payable immediately, and subject to enforcement as a final judgment for the full amount.

iv. In the event that prior to the full satisfaction of this judgment Plaintiffs have reason to believe that Defendants have had a significant change in income and can demonstrate that Defendant RCO Reforesting, Inc, Roberto Ochoa, or any business entity in which Roberto Ochoa owns a controlling interest, has an adjusted net taxable income exceeding $250,000.00 in any year, Plaintiffs may bring a motion to modify the judgment to increase the monthly payment amount. Defendants agree to comply with reasonable requests by Plaintiffs, which may be made on an annual basis, to provide copies of their federal tax returns for purposes of establishing their taxable income.

v. In the event that prior to the full satisfaction of this judgment Plaintiffs have reason to believe that Defendants have had a significant change in net worth and can demonstrate that Defendant RCO Reforesting, Inc. or any business entity in which Defendant Roberto Ochoa has a controlling interest, has net assets in excess of $5,000,000.00 and/or Defendant Roberto Ochoa has a net worth in excess of $5,000,000.00, Plaintiffs may bring a motion to increase the monthly

5
**STIPULATED JUDGMENT AND ORDER**

payment amount, accelerate the judgment making it due and payable in full and modify the judgment to increase the amount of the total judgment to $1,000.000.00. Defendants agree to comply with reasonable requests by Plaintiffs, which may be made on an annual basis, to provide copies of their federal tax returns for purposes of establishing their net worth.

L. Defendants agree to make all payments due under this Stipulated Judgment and Order in the form of a certified cashier's check payable to "California Rural Legal Assistance, Inc.," with "RCO Settlement" on the memo line. Defendants also agree to deliver the certified cashier's checks to California Rural, Legal Assistance, Inc., 511 D Street, Marysville, CA 95901, except that payment of any amounts due to the Labor and Workforce Development Agency shall be made directly to, and may be collected directly by, the Labor and Workforce Development Agency.

M. Defendants understand and acknowledge that it is illegal under California and federal law to retaliate against any person for participating in this case, and that engaging in such retaliation may subject Defendants to damages and civil contempt.

N. Defendants understand and acknowledge that they are employers subject to the requirements of the federal Fair Labor Standards Act and the California Labor Code. These requirements apply even when Defendants provide services under federal contracts.

O. Upon Defendants' full compliance with the provisions of this Stipulated Judgment and Order, Plaintiffs agree to dismiss with prejudice all claims and causes of action asserted in this litigation and arising from their employment with Defendants.

P. Plaintiffs reserve the right to seek judicial enforcement of this Stipulated Judgment and Order in the event that Defendants fail to comply with any of its terms or conditions.

Q. Plaintiffs and Defendants waive Findings of Fact and Conclusions of Law.

## II. JUDGMENT AND ORDER

Therefore, upon the agreement of the Parties to this action, and for cause shown,

6
**STIPULATED JUDGMENT AND ORDER**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is entered in favor of Plaintiffs Jesus Silva Rodriguez and Rigoberto Zepeda Loa on their claims against Defendants RCO Reforesting, Inc. and Roberto Ochoa, jointly and severally.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are employers, as defined under the FLSA, the AWPA, and the California Labor Code, that shall comply with the requirements of those federal and state labor laws, as they pertain to the H-2B workers they employ for the performance of forestry and reforesting services.

### A. Injunctive Relief

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that pursuant to section 17 of the FLSA, 29 U.S.C. § 217, section 504 of the AWPA, 29 U.S.C. § 1854(c), and section 1116 of the California Labor Code, Cal. Lab. Code § 1116, Defendants and their officers, agents, servants, employees, successors, parties in interest, and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of the FLSA, the AWPA, and any applicable California labor law or regulation in any of the following manners:

1. **Compensable time:** Defendants must pay employees at least the applicable minimum wage for all compensable time worked, regardless of the job site, as follows:

    a. For all hours starting at the time the employee is directed to report and reports for pick up at any employer-provided housing site and boards employer-provided transportation, and ending when the employee is returned to that housing site at the end of the workday.

    b. Compensable time includes but is not limited to (1) all time an employee spends waiting to board employer-provided transportation from the time an employee is directed to report, both at the beginning and end of every workday; (2) all transportation time to and from the jobsite and between jobsites; (3) all time an employee spends walking to from the drop-off site and the actual job site; (4) all time an employee spends at employer-required trainings; (5) all off-duty meal breaks lasting fewer than 30 minutes; (6) all off-duty rest periods lasting fewer than 10 minutes; and (7) all other hours worked.

7

**STIPULATED JUDGMENT AND ORDER**

2. **Overtime pay:** Defendants must pay employees at least 1.5 times the employee's regular rate of pay for (a) hours above 8 hours in a workday, (b) hours above 40 hours in a workweek, or (c) the first 8 hours on the seventh consecutive day of work. Defendants shall not pay any of their employees at a rate less than twice the employee's regular rate of pay for all hours worked above 12 hours in a workday or 8 hours on the seventh consecutive day of work in a workweek.

3. **Business expenses**: Defendants must pay the cost of employees' business expenses and any necessary tools or equipment, including but not limited to waterproof boots, gloves, and other protective gear.

4. **Meal and rest breaks**: Defendants must provide any employee working more than 5 hours with an off-duty meal period of at least 30 minutes, starting no later than the beginning of the fifth hour of work. Defendants also must provide any employee working more than 4 hours with an off-duty rest period of at least 10 minutes for every 4 hours worked or major fraction thereof. Employees must be free from any work duty during their required meal and rest breaks.

5. **Recordkeeping**: Defendants must make and keep records of each employee's wages paid and hours worked for at least 3 years. Defendants also must provide their employees with accurate, itemized wage statements. To ensure their compliance with these requirements, Defendants must adopt a timekeeping system that accurately records when the employee: (i) begins work each day by arriving at the employer-designated pick-up site; (ii) begins any off-duty meal period of 30 minutes or more; (iii) ends any off-duty meal period of 30 minutes or more; and (iv) ends work each day by arriving at the employer-designated drop-off site.

6. **Visa and travel costs:** Defendants must pay for their employees' visa expenses and for their inbound and outbound transportation costs, to and from their place of origin.

7. **Water and sanitation**: Defendants must provide their employees with an adequate supply of potable water, toilets, and handwashing facilities that include soap and single-use towels.

8. **Retaliation and kickbacks prohibited**: Defendants shall not request or demand that any person pay back money due under this Stipulated Judgment; nor shall Defendants accept any

8

**STIPULATED JUDGMENT AND ORDER**

money due under this Stipulated Judgment from any person. Defendants further shall not retaliate against any person because he or she participated in this case or received money under this Stipulated Judgment.

**B. Monetary Relief**

1. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for payment of $500,000.00 in consideration of this settlement agreement and to resolve this case. This amount, which shall represent damages arising from Defendants' violations of the FLSA, the AWPA, and California labor laws and regulations, and penalties pursuant to Cal. Labor Code §§ 2699, et seq. (PAGA) and is to be allocated in the following manner:

   a. $24,553.25, payable to Plaintiff Jesus Silva Rodriguez, and $84,816.50, payable to Plaintiff Rigoberto Zepeda Loa, representing wages, interest, penalties, liquidated damages and other damages;

   b. $350,000, as civil penalties under the PAGA, payable to the aggrieved employees and the Labor and Workforce Development Agency, as follows:

      i. $313,943.27, representing underpaid wages, which is to be paid to aggrieved employees pursuant to California Labor Code sections 2699(a), 558, and 1197.1;

      ii. $36,056.73, representing civil penalties pursuant to the PAGA, $27,042.40 of which is to be paid to the Labor and Workforce Development Agency, and $9,014.33 of which is to be paid to aggrieved employees pursuant to Labor Code §2699(i); and

   c. $40,630.25, as attorneys' fees and costs.

2. Defendants shall make payments in satisfaction of the judgment the following manner:

   a. Defendants shall pay the judgment in installments of $500.00 per month commencing January 1, 2019, or no later than 10 days after approval and entry of this Stipulated Judgment and Order and continuing until such time as the judgment is fully satisfied.

9

**STIPULATED JUDGMENT AND ORDER**

b. In addition to the monthly installment payments Defendants shall pay the amount of $20,000.00 within 180 days after approval and entry of this Stipulated Judgment and Order, of which $4,000.00 represents partial payment of the $24,553.25 owed to Plaintiff Jesus Silva Rodriguez, and $16,000.00 represents partial payment of the $84,816.50 owed to Plaintiff Rigoberto Zepeda Loa.

c. In the event that Defendants consecutively fail to make three or more of the agreed upon payments, upon motion of the Plaintiffs the monetary amount of the judgment shall be increased to $750,000, Defendants' obligation to continue to make the monthly payments shall continue, and the full amount of the increased judgment shall be accelerated and become due and payable immediately, and subject to enforcement as a final judgment for the full amount.

d. In the event that prior to the full satisfaction of this judgment Plaintiffs have reason to believe that Defendants have had a significant change in income and can demonstrate that Defendant RCO Reforesting, Inc, Roberto Ochoa, or any business entity in which Roberto Ochoa owns a controlling interest, has an adjusted net taxable income exceeding $250,000.00 in any year, Plaintiffs may bring a motion to modify the judgment to increase the monthly payment amount and increase the amount of the total judgment to $750,000.00. Defendants shall comply with reasonable requests by Plaintiffs, which may be made on an annual basis, to provide copies of their federal tax returns for purposes of establishing their taxable income.

e. In the event that prior to the full satisfaction of this judgment Plaintiffs have reason to believe that Defendants have had a significant change in net worth and can demonstrate that Defendant RCO Reforesting, Inc. or any business entity in which Defendant Roberto Ochoa has a controlling interest, has net assets in excess of $5,000,000,00 and/or Defendant Roberto Ochoa has a net worth in excess of $5,000,000,00. Plaintiffs may bring a motion to increase the monthly

10
**STIPULATED JUDGMENT AND ORDER**

            payment amount, accelerate the judgment making it due and payable, in full and modify the judgment to increase the amount of the total judgment to $1,000.000.00. Defendants shall comply with reasonable requests by Plaintiffs, which may be made on an annual basis, to provide copies of their federal tax returns for purposes of establishing their net worth.

3. Defendants shall make all payments in the form of a certified cashier's check payable to "California Rural Legal Assistance, Inc.," with "RCO Settlement" on the memo line. Defendants shall deliver the certified cashier's checks to California Rural, Legal Assistance, Inc., 511 D Street, Marysville, CA 95901, except that payment of any amounts due to the Labor and Workforce Development Agency shall be made directly to, and may be collected directly by, the Labor and Workforce Development Agency.

4. Plaintiffs' counsel shall provide notice to the other aggrieved employees, as provided in the Distribution Plan attached hereto as Exhibit 1-A. Other aggrieved employees must submit a claim for payment within one year. The one-year claims period will begin on the date of mailing of the original notice, as provided in the Distribution Plan. Plaintiffs' counsel shall distribute payments to the aggrieved employees including those located in Mexico made under this Stipulated Judgment consistent with the Distribution Plan and the Distribution Summary, attached hereto as Exhibit 1-B. Payments to aggrieved employees in Mexico shall be made via a funds transfer mechanism established under an agreement between the Centro de los Derechos del Migrante, Inc. ("CDM") and Banco del Ahorro Nacional y Servicios Financieros, Sociedad Nacional de Crédito, Institución de Banca de Desarrollo (BANSEFI). CDM and BANSEFI, a Mexican federal government bank, established this agreement to disburse settlement funds from U.S. litigation to residents of Mexico. The Parties agree that the administrative costs specified below shall apply to these funds transfers.

      a. A $3.00 BANSEFI commission to be deducted from the amount an employee is to receive in a single transfer;

**STIPULATED JUDGMENT AND ORDER**

b. Services fees of $30.00 each transfer of up to 30 recipients plus $7.00 per each recipient included in the transfer, as consideration for CDM's administrative services in setting up and coordinating the transfer;

   c. The commission and services fees may be deducted from the amounts due the aggrieved employees.

### III. ENFORCEMENT

The resolution of this proceeding under this Stipulated Judgment and Order shall not act as or be asserted as a bar to any action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named in this action, for any period not specified herein for the recovery of unpaid wages and penalties.

Nothing in this Stipulated Judgment and Order shall be binding on any federal government agency nor may any provision be construed to limit the power and authority of a federal government agency to enforce or prosecute any applicable laws.

This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Stipulated Judgment.

**IT IS SO STIPULATED:**

Dated: December 13, 2018        /s/ Jesus Silva Rodriguez (as authorized by Doc. 86-5)
                                JESUS SILVA RODRIGUEZ, Plaintiff

Dated: December 13, 2018        /s/ Rigoberto Zepeda Loa (as authorized by Doc. 86-6)
                                RIGOBERTO ZEPEDA LOA, Plaintiff

Dated: December 13, 2018        CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
                                CENTRO DE LOS DERECHOS DEL MIGRANTE, INC.

                                By: /s/ Javier J. Castro
                                    Javier J. Castro
                                    Attorney for Plaintiffs

**STIPULATED JUDGMENT AND ORDER**

Dated:   December 13, 2018        /s/ Roberto Ochoa (as authorized by Doc. 86-7)
                                  RCO REFORESTING, INC., Defendant
                                  By Roberto Ochoa, President, RCO Reforesting, Inc.

Dated:   December 13, 2018        /s/ Roberto Ochoa (as authorized by Doc. 86-7)
                                  ROBERTO OCHOA, Defendant


Dated:   December 13, 2018        PALMER KAZANJIAN WOHL HODSON LLP


                                  By: /s/ Larry M. Kazanjian (as authorized by Doc. 86-7)
                                      Larry M. Kazanjian
                                      Attorney for Defendants


## JUDGMENT

Having reviewed the terms of the stipulation and judgment,[1] and the information put before the court in the Parties' Joint Motion for Approval of Settlement and Entry of Stipulated Judgment, and good cause showing,

**IT IS SO ORDERED:**

Dated:  January 24, 2019

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court has filed a memorandum concurrent with entry of judgment.

**STIPULATED JUDGMENT AND ORDER**

# Exhibit 1-A

**EXHIBIT 1-A**

**DISTRIBUTION PLAN**

**Rodriguez, et al v RCO Reforesting, Inc., et al., Case No. 2:16-cv-02523-WBS-CMK**

1. **Definitions**

    1.1. "PAGA Other Aggrieved Employee" means any individual who worked for RCO Reforesting, Inc. at any time from April 27, 2016 through November 13, 2018 as a non-exempt forestry worker and initially reported for work in California and/or performed work on one or more days during that period in California.

    1.2 "PAGA Penalties Period" is the period commencing April 27, 2016 and ending November 13, 2018.

    1.3 "PAGA Underpaid Wages Period" is the period commencing April 27, 2014 and ending November 13, 2018.

    1.4 "PAGA Underpaid Wages Allocation" is the allocation of $313,943.27 designed to provide payment of underpaid wages, liquidated damages and waiting time penalties due under Labor Code §§ 1197.1 and 558 and allocated to each PAGA Aggrieved Worker for all work weeks worked during the PAGA Underpaid Wages Period and payable 100% to the PAGA Other Aggrieved Employees.

    1.5 "PAGA Civil Penalties Employee Allocation" is the 25% allocation of funds ($9,014.33) designed to provide payment to PAGA Other Aggrieved Employees of civil penalties for violation of Cal. Labor Code §§ 558, 1197.1, 226.3 and 2699(f) which is calculated on a per pay period basis for the PAGA Penalties Period.

    1.6 "PAGA Claimant" means each PAGA Other Aggrieved Employee who files a verified claim during the Claims Period

    1.7 "Claims Period" means 14 month period following approval and the entry of judgment in this matter.

    1.8 Judgment Proceeds means all amounts paid by Defendants under the terms of the Judgment entered in this action, plus any

2. **Claims Process**

    2.1 Within 30 days after entry of Judgment Defendants will provide any updated information regarding the PAGA Other Aggrieved Employee to Plaintiffs' counsel, Laura Ferree.

2.2     Within 60 days after entry of Judgment Plaintiffs shall send notice, in Spanish and English, to each PAGA Other Aggrieved Employee advising them of their right to file a claim for payment under the terms of this judgment; providing them with a claim form and instructions for submission, and clearly indicated that last date on which claims may be received.

2.3     The Notice will indicate that Claims may be submitted to California Rural Legal Assistance, Inc., or Centro de los Derechos del Migrantes and provide a telephone contact information for each of those entities.

2.4     Upon receipt of a claim, Counsel for Plaintiffs will make reasonable efforts to confirm the identity of the claimant and my request tax identification information, but will not condition verification of a claim on submission of any particular document.  In the event that an individual submits a claim, but has not been identified by Defendants as a  PAGA Other Aggrieved Employee, the claimant may submit proof of work, such as wage statements, tax documents, or declarations to establish eligibility for payment under the terms of the judgment.

2.5     Each PAGA Other Aggrieved Employee who submits a timely claim within the Claims Period, and has that claim verified shall be entitled to payment as a PAGA Claimant as provided in this Distribution Plan.

3.      **Claims Payment Amounts**

3.1     Each PAGA Claimant will be entitled to a pro rata share of the PAGA Underpaid Wages Allocation based on the following formula:

The PAGA Claimant will be credited with $4,320.00 representing waiting time penalties

The PAGA Clamant will be credited with $360 per pay period representing liquidated damages for unpaid wages due during the PAGA Underpaid Wages Period

$648 per pay period representing underpaid wages due during the PAGA Underpaid Wages Period.

This amount will be determined for each PAGA Claimant and then aggregated to determine the pro rata allocation of the PAGA Underpaid Wages Allocation.

3.2.    Each PAGA Claimant will be entitled to a pro rata share of the PAGA Civil Penalties Allocation.  This pro rata amount will be calculated by determining the total number of pay periods worked by all PAGA Claimants during the PAGA Penalties Period and dividing that number into the $9,014.33   PAGA Civil Penalties allocation to PAGA Claimants.  Each PAGA claimant will then be paid that pro rata amount for each pay period worked during the PAGA Penalties Period.

4.      **Distribution of Judgment Proceeds**

4.1     Judgment Proceeds will be allocated and distributed as funds become available from payments by Defendants, as provided in the attached Distribution Schedule.  The First

Plaintiff Payment will be issued within 210 days after approval and entry of Judgment, to the extent the Defendant has tendered adequate funds to make the payment.

        4.2      The initial Quarterly Distribution Payments, Phase One, will be issued within 30 days after the close of the Claims Period. Each Plaintiff, and Plaintiffs' counsel will be issued a Phase I Payment in accordance with the distribution schedule, based on the number of months of funds available in the Judgment Proceeds Account. Each PAGA Claimant will receive a share of the Phase 1 Payment in accordance with the Distribution Schedule, based on their pro rata share of available amounts in the Judgment Proceeds Account. Thereafter, Quarterly Distribution Payments, Phase One, will be issued every 90 days. In the event that, due to the failure of Defendants to make timely payments, the Judgment Proceeds Account lacks adequate funds to make the monthly allocations provided for in the Distribution Account then all payments will be reduced proportionally. In no event shall less than $500 shall be maintained in the Judgment Proceeds Account at all times. Payments under the Quarterly Distribution Payments, Phase One schedule will continue for 10 years. For the purpose of withholdings and other tax reporting it shall be assumed that all payments made during Phase One are payments for waiting time penalties, liquidated damages, statutory penalties and civil penalties.

        4.3      Payments in accordance with the Quarterly Distribution Payments, Phase Two, shall commence beginning in the 10th year of the Distribution Plan and shall be distributed in the same manner as prescribed in paragraph 4.2, with the addition of the payments being made to the Labor and Workforce Development Agency. Payments to the Plaintiffs shall terminate at the time when the full amount of their award has been paid.

        4.4      Accrued interest shall be maintained in the Judgment Proceeds Account and distributed the PAGA Claimants and the end of the Distribution Schedule.

**5.**      **Unclaimed Amounts, Acceleration and/or Augmentation of the Judgment Proceeds Amounts**

        5.1      In the event that due to a low participation rate, the full amount of Judgment Proceeds owed to the Other Aggrieved Employees will not be expended, any residual collected, after full payment of the amounts due the PAGA Claimants, will be allocated and paid, to augment each Plaintiff's amount owed by no more than 20%,to augment payments made to Plaintiffs' counsel for attorneys' fees by no more than 40%, and to allocate the remainder to the Labor and Workforce Development Agency.

        5.2      In the event that the payments provided for in the Judgment are accelerated or augmented in accordance with the terms of the Judgment, all increases in the Judgment Proceeds will be distributed pro rata to Plaintiffs, the PAGA claimants and Plaintiffs' Counsel (as attorneys' fees) except that expenses associated with enforcement of the judgment and collection of Judgment Proceeds (exclusive of attorneys' fees) may be paid from the Judgment Account.

# Exhibit 1-B

**EXHIBIT 1-B**

**DISTRIBUTION SUMMARY**

Rodriguez, et al v RCO Reforesting, Inc., et al., Case No. 2:16-cv-02523-WBS-CMK

|  | TOTAL SETTLEMENT ALLOCATION | FIRST PAYMENT (6 MONTHS) | QUARTERLY DISTRIBUTION PHASE I (10 YEARS) | QUARTERLY DISTRIBUTION PHASE II (70 YEARS) |
|---|---|---|---|---|
| Total Settlement | $ 500,000.00 | $ 20,000.00 | $ 500 / month | $500 / month |
| Plaintiff Loa | $ 8,816.50 | $ 16,000.00 | $ 175.00 | $ 150.00 |
| Plaintiff Rodriguez | $ 24,553.25 | $ 4,000.00 | $ 75.00 | $ 50.00 |
| PAGA 558 1197.1 | $ 313,943.27 | $   - | $ 200.00 | $ 175.00 |
| PAGA Civil Penalties Employees Allocation | $ 9,014.33 | $   - | $ 25.00 | $ 25.00 |
| PAGA Civil Penalties LWDA Allocation | $ 27,042.40 | $   - | $   - | $ 50.00 |
| Attorneys' Fees | $ 40,630.25 | $   - | $ 25.00 | $ 50.00 |